Robert D. Becker (CA Bar No. 160648)
*rbecker@manatt.com*
Christopher L. Wanger (CA Bar No. 164751)
*cwanger@manatt.com*
Hilary Soloff (CA Bar No. 314727)
*hsoloff@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Charles Kertell (CA Bar No. 181214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 271-2500
Facsimile: (714) 371-2550
Attorneys for Defendant
CAPELLA PHOTONICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>Defendant. | No. 3:20-cv-07629-EMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Hearing Date: February 4, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5 (17th Floor)<br><br>Hon. Edward M. Chen |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC

Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1    TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that at 1:30 p.m. on February 4, 2021, or as soon thereafter as

3    this matter may be heard in the above-identified Court, located at 450 Golden Gate Avenue, 17th

4    Floor, San Francisco, California 94102, defendant Capella Photonics, Inc. ("Capella") will and

5    hereby does move this Court for an Order, pursuant to Federal Rules of Civil Procedure 12(b)(1)

6    and (6), dismissing all claims asserted by plaintiff Finisar Corporation, Inc. ("Finisar") in its

7    Complaint for Declaratory Judgment of Non-Infringement. Capella seeks dismissal of the claims

8    under Rule 12(b)(1) for lack of subject matter jurisdiction as Finisar fails to allege an actual

9    controversy between it and Capella. Capella further seeks dismissal under Rule 12(b)(6) based on

10   Finisar's failure under Rule 8 and the pleading requirements set forth by the U.S. Supreme Court

11   in *Twombly* and *Iqbal*: (1) to specifically identify the conduct at issue for which Finisar seeks

12   clearance, including the specific products or versions at issue and the date and country of their

13   manufacture and sale; (2) to identify the specific patent claims at issue for each such specific

14   product or version; and (3) to provide the necessary factual support for each of their extremely

15   broad allegations of non-infringement. In the alternative, Capella will and hereby does move this

16   Court for an Order, pursuant to Rule 12(e), for a more definite statement of Finisar's alleged

17   claims as Finisar's Complaint is currently so vague and ambiguous that Capella cannot prepare a

18   meaningful response.

19   Capella's motion is based on this Notice of Motion, the accompanying Memorandum of

20   Points and Authorities, the pleadings and other documents on file in this action, and such other

21   evidence and argument as may be presented at the hearing on this motion.

22

23   Dated: December 24, 2020                    MANATT, PHELPS & PHILLIPS, LLP

24                                               By: */s/ Robert D. Becker*

25                                                   Robert D. Becker

26                                               Attorneys for Defendant
                                                 CAPELLA PHOTONICS, INC.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                                    Defendant's Motion to Dismiss or, in the
                                                             Alternative, for a More Definite Statement

# TABLE OF CONTENTS

**Page**

I.      ISSUES TO BE DECIDED ............................................................................................. 1

II.     INTRODUCTION ......................................................................................................... 1

III.    STATEMENT OF FACTS ........................................................................................... 3

     A.     Finisar Is One of Many Suppliers of One Component of the ROADM
          Products Capella Accuses of Patent Infringement ...................................... 3

     B.     Capella Has Long Pursued Manufacturers of ROADM Products For Patent
          Infringement, Finisar Has Never Previously Sought to Intervene in Any of
          the Actions by Capella Against Its Customers and Delayed for Eight
          Additional Months After Capella Filed New Actions on Reissued Patents ........... 4

     C.     Counts I and II of Finisar's Complaint: Declaratory Judgment of Non-
          Infringement of the '905 and '906 Patents .................................................. 6

          1.     Paragraphs 5-7 ................................................................................ 7

          2.     Paragraphs 39-42, 49 and 43-46, 54 ............................................... 9

     D.     Finisar's Count III: Pre-Issuance Damages.............................................. 10

          1.     Paragraphs 15-24 and 25-34 ......................................................... 10

          2.     Paragraph 59 ................................................................................. 10

IV.    GOVERNING LEGAL STANDARD ........................................................................ 11

V.     ARGUMENT .............................................................................................................. 11

     A.     Finisar Fails to Properly Allege Subject Matter Jurisdiction ............................... 11

     B.     There is No Declaratory Judgment Jurisdiction Within This Court ..................... 12

     C.     The Case Should Be Dismissed Under the First-to-File Rule ............................. 15

     D.     Counts I and II Should Be Dismissed For Failure To State a Claim ................... 17

     E.     Count III Should Be Dismissed For Failure To State a Claim............................. 19

     F.     Capella Alternatively Requests Finisar Provide A More Definite Statement ....... 20

VI.    CONCLUSION .......................................................................................................... 20

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:20-cv-07629-EMC          i          Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

# TABLE OF AUTHORITIES

**Page**

### CASES

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
  946 F.2d 622 (9th Cir. 1991) .................................................................................... 15

*Apple Inc. v. Psystar Corp.,*
  658 F.3d 1150 (9th Cir. 2011) .................................................................................. 15

*Arris Grp., Inc. v. British Telecomms. PLC,*
  639 F.3d 1368 (Fed. Cir. 2011) .................................................................... 12, 13, 14

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................ 2, 11, 17, 18

*Aster Graphics, Inc. v. Static Control Components, Inc.,*
  No. SA CV 17-1167-DOC, 2018 WL 2425973 (C.D. Cal. Feb. 12, 2018) ........................... 18

*Baker v. Carr,*
  369 U.S. 186 (1962) .............................................................................................. 11

*Barnes & Noble, Inc. v. LSI Corp.,*
  823 F. Supp. 2d 980 (N.D. Cal. 2011) ....................................................................... 15

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................................... 2, 11, 17, 18

*Calderon v. Ashmus,*
  523 U.S. 740 (1998) .............................................................................................. 20

*Capella Photonics, Inc. v. Cisco Sys., Inc.,*
  No. 3:14-cv-03348-EMC (N.D. Cal. Mar. 6, 2015) ..................................................... 4, 5

*Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.,*
  Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 31, 2020) ......................................... 4, 6, 14

*Capella Photonics, Inc. v. Infinera Corp., et al.,*
  2:20-CV-0077-JRG (E.D. Tex. June 9, 2020) ................................................................ 6

*Capella Photonics, Inc. v. Infinera Corp., et al.,*
  2:20-CV-0077-JRG (E.D. Tex. Mar. 17, 2020) ............................................................ 14

*Capella Photonics, Inc. v. Infinera Corp., et al.,*
  Case No. 2:20-CV-0077-JRG (E.D. Tex. July 8, 2020) ................................................... 4

*Church of Scientology v. U.S. Dep't of the Army,*
  611 F.2d 738 (9th Cir. 1979) .................................................................................... 15

*Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.,*
  538 Fed.Appx. 894 (Fed. Cir. 2013) ..................................................................... 12, 13

*Cisco Sys., Inc. v. Capella Photonics, Inc.,*
  Case No. 20-cv-01858-EMC (N.D. Cal. Aug. 28, 2020) ......................................... 10, 19, 20

**TABLE OF AUTHORITIES**
(continued)

Page

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
   319 F.R.D. 269 (N.D. Cal. 2017) ................................................................ 18

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
   No. SACV 16–00437–AG–JPRx, 2016 WL 7496742 (C.D. Cal. July 8, 2016) .................. 18

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) .................................................................................. 11

*EMC Johnson v. United States*,
   No. C-13-2405, 2013 WL 6502818 (N.D. Cal. Dec. 11, 2013) (Chen, J.) ............................ 19

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
   737 F.3d 704 (Fed. Cir. 2013) ..................................................................... 13

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ................................................................... 16

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
   No. C 11-6239, 2013 WL 12174301 (N.D. Cal. Feb. 7, 2013) ................................. 17

*Juno Therapeutics, Inc. v. Kite Pharma*,
   No.: CV 17–07639, 2018 WL 1470594 (C.D. Cal. Mar. 8, 2018) ................................ 19

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) ......................................................... 15, 16, 17

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
   312 U.S. 270 (1941) .................................................................................. 12

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) .................................................................................. 12

*Microchip Tech., Inc. v. United Module Corp.*,
   Nos. CV–10–04241–LHK, 2011 WL 2669627 (N.D. Cal. July 7, 2011) .......................... 16

*Microsoft Corp. v. DataTern, Inc.*,
   755 F.3d 899 (Fed. Cir. 2014) ..................................................................... 13

*Oregon v. Legal Servs. Corp.*,
   552 F.3d 965 (9th Cir. 2009) ...................................................................... 11

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*,
   718 F.3d 1350 (Fed. Cir. 2013) ................................................................... 12

*Pacesetter Sys. Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ....................................................................... 15

*PageMelding, Inc. v. ESPN, Inc.*,
   No. C 11–06263, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) .............................. 19

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
   No. 5:11–CV–02288–LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) ...................... 14

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:20-cv-07629-EMC          iii          Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4
*Refac Int'l, Ltd. v. IBM*,
   790 F.2d 79 (Fed. Cir. 1986)..................................................................... 17

5
*Ruckus Wireless, Inc. v. Harris Corp.*,
   11–cv–019440–LHK, 2012 WL 588782 (N.D. Cal. Feb. 22, 2012) ...................................... 15

6
*Serco Services Co., L.P. v. Kelley Co., Inc.*,
   51 F.3d 1037 (Fed. Cir. 1995)..................................................................... 15

7

8
*Summers Mfg. Co. v. Tri-County AG*,
   LLC, 300 F. Supp. 3d 1025 (S.D. Iowa 2017) ................................................ 19

9
*Taurus IP, LLC v. Ford Motor Co.*,
   539 F. Supp. 2d 1122 (W.D. Wis. 2008) ....................................................... 20

10

11
*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................. 5

12
*Theme Promotions, Inc. v. News Am. Marketing FSI*,
   546 F.3d 991 (9th Cir. 2008).................................................................... 20

13

14
*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*,
   No. C–10–4458 EMC, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) (Chen, J.) ................. 17

15
*Xilinx, Inc. v. Invention Inv. Fund I LP*,
   No. C 11–0671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ........................................... 17

16
**STATUTES**

17
35 U.S.C. § 251 ....................................................................................... 5

18
**OTHER AUTHORITIES**

19
https://en.wikipedia.org/wiki/Wavelength_selective_switching.................................. 3

20
https://finisarwss.com/ ................................................................................ 8

21
https://www.linkedin.com/in/craigcameron ................................................ 8

22
https://www.marketwatch.com/press-release/strategic-trends-in-global-wavelength-
   selective-switch-wss-market-2020-share-size-growth-and-future-demand-by-major-
   players-trending-technologies-potential-revenue-analysis-2026-2020-11-02 ...................... 3

23
U.S. Patent No. RE42,368................................................................... 3, 10

24
U.S. Patent No. RE42,678................................................................... 3, 10
U.S. Patent No. RE47,905................................................................... passim

25
U.S. Patent No. RE47,906................................................................... 2, 8, 9, 10

26
**RULES**

27
Fed. R. Civ. P. 8 .................................................................................. 11, 20

28
Fed. R. Civ. P. 12(b)(1)........................................................................ 11

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:20-cv-07629-EMC        iv        Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

# TABLE OF AUTHORITIES
(continued)

**Page**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 11

Fed. R. Civ. P. 12(e) ....................................................................................................... 20

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

Case No. 3:20-cv-07629-EMC                    v                    Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    ISSUES TO BE DECIDED

1.    Does declaratory judgment jurisdiction arise where no actual controversy between the patentee and supplier exists and no specific indemnity obligations between the supplier and its customers have been alleged?

2.    Does the customer-suit exception to the first-to-file rule apply where the customers are not mere resellers of the manufacturer's products and resolution of this action would not fully resolve the prior lawsuits?

3.    Does a complaint seeking a declaration of patent non-infringement state a claim under Federal Rule of Civil Procedure 12(b)(6) if it fails: (1) to specify the products or versions that allegedly do not infringe; (2) to identify the patent claims at issue for each product or version; (3) to sufficiently allege non-infringement, either directly or indirectly; or (4) to provide the factual bases for its conclusory allegations of non-infringement?

4.    Does a complaint seeking a declaration of no liability for pre-issuance damages state a claim under Federal Rule of Civil Procedure 12(b)(6)?

### II.    INTRODUCTION

Finisar's Complaint suffers from multiple fatal flaws. First, the Complaint should be dismissed for lack of subject matter jurisdiction because it fails to allege an actual controversy between Capella and Finisar. Finisar does not allege and cannot allege that Capella has *ever* accused Finisar of patent infringement or threatened to sue Finisar. Instead, in other actions pending here and in the Eastern District of Texas, Capella has alleged that Finisar's customers sell products (Dense Wavelength Division Multiplexing ("DWDM") transport platforms that include reconfigurable optical add and drop multiplexers ("ROADM")) that infringe the patents-in-suit. But the products that Finisar sells—liquid crystal on silicon ("LCoS")-based wavelength selective switches ("WSS")—are not the accused product in any pending action and Finisar fails to allege that it manufactures, uses or imports them into the United States. Finisar's switches are merely a component of some *but not all* of the accused products sold by Finisar's customers. Finisar is just one of several suppliers that provides one type of WSS product incorporated by

Infinera and Fujitsu into their infringing ROADM products.

Second, Capella has been pursuing infringement claims against Infinera and Fujitsu and their ROADM products for more than *six years,* and Capella filed the Texas Actions nearly *eight months* ago. Yet only now Finisar asserts an apprehension of suit from Capella. While Finisar claims it has "indemnification obligations to the Texas Defendants" (Compl., at ¶ 7), it fails to identify what specific obligations it has and to whom. Finisar also fails to identify the specific products for which it allegedly has "indemnification obligations" and, importantly, whether any Texas Defendant has demanded indemnification. Finisar's Complaint makes no attempt to show why there is a controversy now when none previously existed. In truth, Capella has no controversy with Finisar, and Finisar's belated filing is nothing more than a coordinated effort to make an end-around Capella's much-advanced patent infringement actions pending against Finisar's customers in the Eastern District of Texas (the "Texas Actions").[1] Because Finisar's action represents improper forum shopping for its customers, violates the first-to-file rule and will not resolve the majority of issues in the Texas actions, the action should be dismissed.

Finally, Finisar's Complaint seeks an extraordinarily broad declaration that its products (without indication to any specific products) "do not literally infringe or infringe under the doctrine of equivalents, directly or indirectly, each and every claim" of either Capella's U.S. Patent No. RE47,905 ("the '905 Patent") or Capella's U.S. Patent No. RE47,906 ("the '906 Patent"). (Compl., at ¶¶ 49 and 54.) The Complaint should be dismissed in its entirety given Finisar's failure to adequately plead either of its two counts for non-infringement (Counts I and II) in accordance with the requirements of *Twombly* and *Iqbal,* and for Count III's failure to assert a recognized cause of action. The law is clear that, in an action such as this for declaratory judgment concerning claims for patent non-infringement, the complaint must specify the products or conduct alleged not to infringe, the specific patent claims at issue, and the factual bases for the allegations of non-infringement. Finisar's Complaint fails to meet these requirements. And in this

---

[1] Finisar also has filed a motion asking this Court to enjoin the more advanced Texas Actions from proceeding (Dkt. # 28) notwithstanding that those actions involve different parties and accused products that do not incorporate any product of Finisar. Because this action is unlikely to resolve many of the claims at issue in the long-pending Texas Actions, Finisar's requested injunction violates basic principles of comity and is highly improper as more fully set out in Capella's Opposition to that motion filed contemporaneously herewith.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC          - 2 -          Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1   case, Finisar must state whether the products are sold or the conduct alleged not to infringe

2   actually takes place in the United States or otherwise implicates U.S. patent law. Absent such an

3   allegation, Finisar's request would be entirely hypothetical.

4           In sum, the allegations of the Complaint are wholly lacking, there is no declaratory

5   judgment jurisdiction, and jurisdiction may be declined because of the prior pending lawsuits.

6   **III.    STATEMENT OF FACTS**

7        **A.    Finisar Is One of Many Suppliers of One Component of the ROADM**
            **Products Capella Accuses of Patent Infringement.**

8
9           Founded in 2000, Capella is a pioneer of breakthrough optical switching technologies for

10   use in optical transmission networks. Those technologies include DWDM transport platforms that

11   include ROADMs. Capella has designed, developed, produced, and sold switching devices for

12   optical transmission networks, including its CR50™ and CR100™ products. As a result of many

13   years of research and development, Capella has also been granted an extensive portfolio of

14   patents, among them U.S. Patent No. RE42,368 ("the '368 patent") and U.S. Patent No.

     RE42,678 ("the '678 patent").

15
16           One component of ROADMs is a Wavelength Selective Switch or WSS. A WSS

17   "comprises a switching array that operates on light that has been dispersed in wavelength without

     the requirement that the dispersed light be physically demultiplexed into separate ports." (*See*

18   https://en.wikipedia.org/wiki/Wavelength_selective_switching.) Some WSS employ movable

19   mirrors using Micro-Electro-Mechanical Systems ("MEMS"). Other WSS employ Liquid Crystal

20   on Silicon or LCoS. (*See id*.)  There are numerous providers of WSS components, including

21   Lumentum, Molex and Santum.  (*See* https://www.marketwatch.com/press-release/strategic-

22   trends-in-global-wavelength-selective-switch-wss-market-2020-share-size-growth-and-future-

23   demand-by-major-players-trending-technologies-potential-revenue-analysis-2026-2020-11-02.)

24           Finisar is one of many providers of WSS components. (Compl., at ¶ 10.) Finisar alleges

25   that its WSS parts use LCoS technology and do not contain micromirrors. (*Id*. at ¶ 11.) Finisar

26   further alleges that because its WSS parts employ LCoS technology and not mirrors, it cannot

27   infringe Capella's patents. (*Id*. at ¶¶ 42 and 46.) Significantly, Finisar is not the only supplier of

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC            - 3 -            Defendant's Motion to Dismiss or, in the
                                                      Alternative, for a More Definite Statement

WSS components to the Texas Defendants. (*Id.* at ¶ 6) ("The WSSs in the accused ROADMs include Finisar's DWP, EWP, SLP, and Dual WSS products.").) For example, the Infinera defendants obtain WSS parts that they incorporate into their accused ROADM products from multiple "independent and non-affiliated vendors." *See Capella Photonics, Inc. v. Infinera Corp., et al.*, Case No. 2:20-CV-0077-JRG (E.D. Tex. July 8, 2020) (Dkt. # 39, p. 8). Similarly, Fujitsu, has at least three WSS suppliers for its accused products, including Lumentum. *See Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*, Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 31, 2020) (Dkt. 31, p. 6) and (E.D. Tex. Nov. 20, 2020) (Dkt. 52, p. 1.)

Additionally, Finisar erroneously alleges that LCoS technology does not infringe Capella's patents based on a misreading of Capella's Infringement Contentions in the Texas Actions.[2] Indeed, the Infringement Contentions, which Finisar included with its injunction motion, make clear that the accused products in the Texas Actions consist of ROADM products that incorporate both MEMS-based WSS and LCoS-based WSS. (*See e.g.* Declaration of Etai Lahav (Dkt. # 28-3) ("Lahav Decl.") at Exh. 1, pp. 102-104; Exh. 2, pp. 75-78.) Thus, the accused products in the Texas Actions are necessarily broader than and extend beyond Finisar's products.

### B. Capella Has Long Pursued Manufacturers of ROADM Products For Patent Infringement, Finisar Has Never Previously Sought to Intervene in Any of the Actions by Capella Against Its Customers and Delayed for Eight Additional Months After Capella Filed New Actions on Reissued Patents.

In 2014, Capella sued several defendants for infringement of the '368 and '678 patents in the Southern District of Florida, including several entities that Finisar alleges are customers of its LCoS-based WSS components . (Compl., at ¶ 14.) These defendants included: (1) Fujitsu Network Communications, Inc. (2) Tellabs, Inc., Tellabs Operations, Inc., and Coriant (USA) Inc. (now consolidated under Infinera); (3) Ciena Corporation; and (4) Cisco Systems, Inc. The 2014 Florida actions were consolidated and subsequently transferred to this Court, where they were stayed pending the resolution of numerous petitions for *inter partes* review filed with the U.S. Patent Trial and Appeal Board ("PTAB") by multiple entities, including many of these same defendants. *See Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal.

---

[2] Finisar's Complaint expressly relies on and incorporates by reference Capella's Infringement Contentions in the Texas Actions. (*See* Compl., at ¶ 6.)

1    Mar. 6, 2015) (Dkt. # 172).

2          After the PTAB found all of the asserted claims to be unpatentable in 2016, and after that

3    determination was affirmed by the Federal Circuit in 2018, this Court ultimately dismissed the

4    consolidated actions as moot and without prejudice in 2019. *See Capella Photonics, Inc. v. Cisco*

5    *Sys. Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal. Sept. 6, 2019) (Dkt. # 226 at p. 6:9-16). At no time

6    during the pendency of any of the Florida or California actions, which extended for almost six

7    years, did Finisar make any attempt to intervene. Nor did any of the petitioners in the PTAB

8    identify Finisar as a real party in interest. Prior to this Court's dismissal of the consolidated 2014

9    actions, Capella filed applications with the U.S. Patent and Trademark Office ("USPTO") to

10   reissue the '368 and '678 patents. *See* 35 U.S.C. § 251. These applications subsequently matured,

11   on March 17, 2020, into the '905 and '906 Patents. (Compl., at ¶¶ 18, 28.) Like the '368 and '678

12   patents, the '905 and '906 patents cover ROADM technology used in optical switching networks

13   or platforms.

14         The same day as the reissuance, Capella filed suit against several of the same 2014

15   defendants for infringement of the '905 and '906 patents, including Finisar's Texas-based

16   customers. Capella alleges that one or more of the claims of the '905 and '906 patents are

17   substantively identical to their corresponding claim in the '368 and '678 patents. Based on the

18   U.S. Supreme Court's opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct.

19   1514, 1521 (2017), which significantly narrowed venue in patent infringement cases, Capella was

20   required to file these new actions in the home forum of the defendants, namely: (1) an action

21   against Finisar customer, Fujitsu Network Communications, Inc., in the Eastern District of Texas

22   (Case No. 20-cv-00076-JRG); (2) an action against Finisar customers, Infinera Corporation,

23   Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. (collectively,

24   "Infinera") in the Eastern District of Texas (Case No. 20-cv-00077-JRG); and (3) an action

25   against Ciena Corporation in the District of Maryland (Case No. 20-cv-00702-GLR). In the

26   Infinera case, Capella accuses at least four Infinera ROADM products or platforms of

27   infringement, including: (1) the 7300 Series platform; (2) the 7100 Series platform; (3) the mTera

28   Universal Transport Platform; and (4) the FlexILS Flexible Grid Line System (collectively, the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC          - 5 -          Defendant's Motion to Dismiss or, in the
                                                   Alternative, for a More Definite Statement

"Infinera Accused Products"). (*See e.g.* Lahav Decl. at Exh. 1, pp. 102-104.) In the Fujitsu case, Capella accuses at least three Fujitsu ROADM products or platforms of infringement, including: (1) the FLASHWAVE 9500 Packet Optical Networking Platform; (2) the FLASHWAVE 7500 optical transport system; and (3) 1Finity (collectively, the "Fujitsu Accused Products"). (*See e.g.* Lahav Decl. at Exh. 2, pp. 75-78.) Both the Infinera Accused Products and the Fujitsu Accused Products include ROADMs with mirror-based MEMS WSS and ROADMs with LCoS-based WSS. Capella also was sued by Cisco for a declaratory judgment of non-infringement of the '905 and '906 patents in this Court (Northern District of California Case No. 3:20-cv-01858-EMC).

The Court in the Texas Actions long ago set trial dates for June 2021 and August 2021, respectively, in the Infinera and Fujitsu cases. *See Capella Photonics, Inc. v. Infinera Corp., et al.*, 2:20-CV-0077-JRG (E.D. Tex. June 9, 2020) (Dkt. # 33); *Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*, Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 5, 2020) (Dkt. # 26). The parties in those actions have conducted extensive discovery, including depositions, have completed numerous local patent rule disclosures, and are set for a *Markman* hearing on January 22, 2021. (*Id.* (Dkt. # 46).)

Although all of the above-referenced actions were filed in March 2020, Finisar again made no attempt in the eight months after their filing to intervene in (or stay) those actions.

## C. Counts I and II of Finisar's Complaint: Declaratory Judgment of Non-Infringement of the '905 and '906 Patents

In Counts I and II of its Complaint, Finisar generically alleges that its "DWP, EWP, SLP, and Dual WSS products do not literally infringe or infringe under the doctrine of equivalents, directly or indirectly, each and every claim" of the '905 and '906 patents.[3] (Compl., at ¶¶ 48 and 54.) According to Finisar, all of the products it sold to the Texas Defendants utilize LCoS technology, which allegedly does not infringe on Capella's patents.[4] (*Id.* at ¶¶ 42 and 45.) Finisar

---

[3] Finisar repeatedly uses the phrase "DWP, EWP, SLP, and Dual WSS products" throughout its Complaint, but never provides a definition or identifies specific products. Indeed, according to the Complaint, the terms "DWP," "EWP," "SLP," and "Dual" refer to "platforms" that are never explained or described in detail. (Compl., at ¶ 12). Nor does Finisar ever specify the version(s) or configuration(s) of these platforms for which it seeks clearance, such as those that existed in 2014, as they exist now, or as they existed at any other time.

[4] Finisar's allegations as to the non-infringement of its technology is too narrow and misconstrues Capella's infringement contentions. As discussed above, the Texas Actions accuse LCoS-based WSS of infringement.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC          - 6 -          Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

also generically alleges that its "customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid claim" of the '905 and '906 patents by "making, using, selling, offering for sale, or importing Finisar's DWP, EWP, SLP, and Dual WSS products, separately, or in combination with or upon incorporation into another service or system."[5] (Compl., at ¶¶ 49 and 55.) Finisar's Prayer for Relief goes even further, broadly seeking declarations that the '905 and '906 patents are not and have not been infringed: (1) "literally or under the doctrine of equivalents, directly or indirectly by Finisar;" or (2) "by any third party who makes, uses, sells, offers to sell, or imports Finisar's DWP, EWP, SLP, and Dual WSS products separately, or in combination with or upon incorporation into another service or system."[6] (Compl., at Prayers A-D.)

As is clear, as well as further detailed below, Finisar fails to identify the conduct at issue with the requisite specificity – including the specific product and patent claim combinations for which it seeks clearance. Indeed, Finisar appears to be impermissibly seeking declaratory relief for each and every claim of the '905 and '906 patents, not only for every product ever manufactured or sold by Finisar, but also every product ever manufactured, used, imported, offer for sale, or sold by *any* third party that incorporates Finisar's products into yet another unnamed service or system.

Finisar also fails to provide the required factual support for its all-encompassing assertions of non-infringement, especially those directed to indirect infringement and infringement under the doctrine of equivalents. In fact, as shown below, only a small handful of paragraphs are relevant to the request for declaratory judgment and the present motion.

### 1.    Paragraphs 5-7

Finisar brings this declaratory judgment action under the customer-suit exception to the first-to-file rule as the manufacturer of accused products to resolve the purported dispute between

---

[5] Finisar never identifies these customers by name. Indeed, even for those entities it defines as the "Texas Defendants" in its Complaint, Finisar is intentionally vague as to which of those entities are or were ever its customer (let alone the relevant dates). (Compl., at ¶ 5) ("The Texas Defendants include Finisar customers"). Nor does Finisar ever identify any of the alleged "services" or "systems" of these "customers."

[6] This Prayer for Relief is even broader than the allegations in Paragraphs 48-49 and 54-55 of the Complaint in numerous respects. For example: (1) it is not limited to any Finisar "platforms;" (2) it is not limited to Finisar and its "customers;" and (3) it appears to encompass all products of the undefined group of "third-parties."

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                     - 7 -                     Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1   Finisar and Capella. (*Id.* at ¶¶ 6-7.) Finisar begins by alleging that Capella has filed lawsuits in

2   the U.S. District Court for the Eastern District of Texas "alleging infringement of the '905 Patent

3   and the '906 Patent against manufacturers of Reconfigurable Optical Add Drop Multiplexer

4   ('ROADM') products, including Tellabs, Inc., Infinera America Inc., Infinera Corporation,

5   Infinera Optical Networks, Inc., Coriant (USA) Inc. (collectively, 'Infinera'); and Fujitsu

6   Network Communications, Inc. ('Fujitsu') (collectively, 'the Texas Defendants')." (Compl., at ¶

7   5.) Finisar alleges that the Texas Defendants "include Finisar's customers," and that the "products

8   of the Texas Defendants incorporat[e] Finisar's DWP, EWP, SLP, and Dual Wavelength

9   Selective Switch ('WSS') products." (*Id.* at ¶¶ 5-6.) Finisar contends that Capella's "Infringement

10   Contentions make clear that the actual accused products are not the identified ROADM products,

11   but the WSSs contained in those ROADM products." (*Id.* at ¶ 6.)

12           Finisar omits, however, any facts concerning the version(s) of the WSS or other

13   "products" or the specific configuration(s) or incorporation of such products for which it seeks

14   clearance. Indeed, it is Finisar's Australian subsidiary that manufactures its WSS products.  (*See*

15   https://finisarwss.com/.) The fact that Finisar's WSS activities are based in Australia is further

16   evidenced by the sole declaration Finisar submitted in support of its injunction motion. That

17   declaration comes from Craig Cameron who is based in Sydney, Australia and is employed by

18   Finisar Australia PTY Ltd. (*See* Dkt. 28-2, ¶ 1 and https://www.linkedin.com/in/craigcameron.)

19   Significantly, Finisar wholly fails to allege that it made or sold its products within the United

20   States – a prerequisite to infringement liability – nor does it allege anywhere in the Complaint

21   *when* it sold its unspecified products to the Texas Defendants, merely alleging that at some point

22   it did. (*See id.* at ¶ 38.) These deficiencies are critical because Finisar sells and has sold myriad

23   configurations and versions of its products (*see id.* at ¶¶ 10-12), and by its Complaint apparently

24   now seeks a blanket clearance from this Court.  Finisar's failure to allege that it has made, used or

25   sold its WSS products in the United States, or has imported the products into the United States, or

26   otherwise done anything that could implicate U.S. patent laws should further preclude further

27   subject matter jurisdiction in this Court.

28

                                       Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

### 2.    Paragraphs 39-42, 49 and 43-46, 54

Finisar then broadly alleges, in Paragraphs 39 through 42 and 49 of the Complaint (for the '905 Patent), and again in Paragraphs 43 through 46 and 54 (for the '906 Patent), that it does not infringe any claim of Capella's '905 or '906 Patents – without limiting its assertion to any product configurations or specific conduct that would trigger U.S. patent laws, without identifying the specific patent claims at issue, and with a conclusory allegation that its technology differs from Capella's. (*Id*. at ¶¶ 39-42; 43-46.) As for Count I, Finisar alleges that Capella has asserted Claims 23-29, 31-35, 37, 39, and 44-54 of the '905 Patent against the Texas Defendants, and that "Finisar's DWP, EWP, SLP, and Dual WSS products do not infringe each and every claim of the '905 Patent for at least the reason that they do not contain a 'beam-deflecting element' as required by the claims of the '905 Patent." (*Id*. at ¶¶ 39-41.) As for Count II, Finisar makes an identical allegation that its products do not infringe Claims 68-72, 79-85, 87-92, 96-100, 106, 115-118, 122-127, 129-135, and 137-139 of the '906 Patent. (*Id*. at ¶¶ 43-45.) With no factual support, Finisar makes the conclusory allegation that "Finisar's DWP, EWP, SLP, and Dual WSS products use [LCoS] technology and do not contain micromirrors. Therefore, [according to Finisar,] Finisar's DWP, EWP, SLP, and Dual WSS products do not contain a 'beam-deflecting element' and do not infringe the claims" of the '905 Patent or '906 Patent. (*Id*. at ¶ 42; 46.) On this conclusory basis alone—with no factual support for how Finisar's LCoS technology differs from Capella's patented "beam-deflecting element"—Finisar seeks a declaration that its products do not infringe the Capella's patents. (*Id*. at ¶ 49; 54.)

In addition to alleging its products do not directly infringe, Finisar alleges that its products do not indirectly infringe any asserted patent nor do its products infringement under the doctrine of equivalents. But these broad declarations of non-infringement encompass legal theories without (1) identifying any products or components as having substantial non-infringing uses (let alone providing factual allegations concerning any such non-infringing uses); (2) setting forth any factual allegations that plausibly relate to inducement (*e.g.*, lack of a direct infringer; no knowledge of the patent); and (3) identifying any purported non-equivalent structures (let alone providing factual allegations concerning the function and operation of any such structures).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                          - 9 -                          Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1

### D.       Finisar's Count III: Pre-Issuance Damages

2

In Count III of its Complaint, Finisar seeks a declaration that "[t]he reissue claims of the

3

Patents-in-Suit at issue here are substantively narrower, not substantially identical, to the original

4

claims of the '368 Patent and '678 Patent," or alternatively, that "those claims would be invalid

5

under principles of collateral estoppel" to exclude any pre-issuance damages Capella may be

6

entitled to against Finisar for infringement. (*Id*. at ¶ 59.) The requested relief models the order

7

granted by the Court on August 28, 2020, in *Cisco Sys., Inc. v. Capella Photonics, Inc.*, Case No.

8

20-cv-01858-EMC (N.D. Cal. Aug. 28, 2020) (Dkt. # 48) (the "Cisco Order"). However, Finisar

9

does not specifically allege how the patent claims are substantively narrower and fails to

10

adequately allege collateral estoppel. More importantly, and as discussed further below, Count III

11

does not assert a cause of action.

12

### 1.       Paragraphs 15-24 and 25-34

13

For both the '905 and '906 Patents, Finisar begins by alleging that prior litigation resulted

14

in *inter partes* review before the PTAB, which resulted in a written decision invalidating the '368

15

and '678 Patents. (*Id*. at ¶ 15 and 25.) Finisar further alleges that Capella thereafter sought

16

reissuance of the patents and alleges that Claim 23 of the reissued '905 Patent contains new

17

language not included in Claim 1 of the '368 Patent, and that Claim 68 of the reissued '906 Patent

18

contains new language not included in Claim 1 of the '678 Patent. But inclusion of new language

19

alone does not necessarily impact the scope of the claims and Finisar provides no analysis to

20

support a claim of narrower reissue claims. (*Id*. at ¶¶ 17-24.)

21

### 2.       Paragraph 59

22

Finally, Finisar alleges in conclusory fashion that "[t]he reissue claims of the Patents-in-

23

Suit at issue here are substantively narrower, not substantially identical, to the original claims of

24

the '368 Patent and '678 Patent." (*Id*. at ¶ 59.) Alternatively, Finisar alleges that "if the scope of

25

the reissue claims is substantially identical to the scope of the original claims of the '368 Patent

26

and '678 Patent, those claims would be invalid under principles of collateral estoppel." (*Id*.)

27

These allegations are entirely lacking in factual support and, as discussed further below, the

28

allegations of Count III do not amount to a cause of action.

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
San Francisco

Case No. 3:20-cv-07629-EMC                          - 10 -                          Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1    **IV.    GOVERNING LEGAL STANDARD**

2           Under Rule 12(b)(1), a court must dismiss an action if it lacks jurisdiction over the subject

3    matter of the suit. Fed. R. Civ. P. 12(b)(1). A complaint will be dismissed under Rule 12(b)(1) if,

4    among other things, there is no "case or controversy" within the meaning of that constitutional

5    term. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A party seeking to invoke federal jurisdiction

6    bears the burden of establishing that jurisdiction exists "for each claim he seeks to press" and for

7    "each form of relief sought." *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009)

8    (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

9           Under Rule 12(b)(6), a court must dismiss an action if the complaint fails to state a claim

10   upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The applicable pleading standard

11   under Federal Rule of Civil Procedure 8 is set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

12   544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under that standard, "[t]o survive a

13   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

14   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

15   570). Moreover, although a court deciding a motion to dismiss must accept as true all factual

16   allegations in the complaint, it is not bound to accept as true legal conclusions couched as factual

17   allegations. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18   conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555, 557 (Rule 8

19   requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause

20   of action will not do;" "naked assertion[s]" lacking "further factual enhancement" are

21   insufficient).

22   **V.    ARGUMENT**

23          **A.    Finisar Fails to Properly Allege Subject Matter Jurisidiction.**

24          Finisar seeks a declaration that its WSS products do not infringe any claim of two of

25   Capella's U.S. patents, but Capella's patents have territorial limitations. Finisar's complaint

26   wholly fails to allege that it has made, used or sold its WSS products in the United States, or has

27   imported the products into the United States, or otherwise done anything that could implicate U.S.

28   patent laws.  Absent such allegations, there should be no subject matter jurisdiction in this Court

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                    - 11 -                    Defendant's Motion to Dismiss or, in the
                                                                       Alternative, for a More Definite Statement

1  under U.S. patent law

2        **B.**      **There is No Declaratory Judgment Jurisdiction Within This Court.**

3        The threshold question for declaratory judgment jurisdiction is "'whether the facts

4  alleged, under all the circumstances, show that there is a substantial controversy, between parties

5  having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

6  declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting

7  *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The plaintiff seeking the

8  declaratory judgment bears the burden of showing the existence of an "actual controversy"

9  sufficient to confer jurisdiction. *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d

10  1350, 1354 (Fed. Cir. 2013). The Federal Circuit has held that "where a patent holder accuses

11  customers of direct infringement based on the sale or use of a supplier's equipment, the supplier

12  has standing to commence a declaratory judgment action if (a) the supplier is obligated to

13  indemnify its customers from infringement liability, or (b) there is a controversy between the

14  patentee and the supplier as to the supplier's liability for induced or contributory infringement

15  based on the alleged acts of direct infringement by its customers." *Arris Grp., Inc. v. British*

16  *Telecomms. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011).

17        In *Arris*, jurisdiction was found because there had been substantial communication

18  between the patentee, the supplier, and the customers regarding the patentee's theories of

19  infringement against both the supplier and its customers before the declaratory judgment action

20  was filed. *Id*. at 1372.[7] Indeed, the patentee's correspondence with the customer "specifically and

21  repeatedly identified [the manufacturer's technology] used in [the customer's] network as

22  embodying numerous elements and performing numerous method steps of the asserted claims."

23  *Id*. Conversely, and relying on *Arris*, the Federal Circuit affirmed the district court's dismissal for

24  lack of jurisdiction in *Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.*, 538 Fed.Appx. 894

25  (Fed. Cir. 2013), where "there were no protracted discussions between [the supplier] and [the

26

27        [7] Although Arris's customers had demanded "that Arris 'defend, indemnify and hold harmless [the customer] from [the patentee's] assertions of infringement,'" *Arris Grp., Inc.*, 639 F.3d at 1372, the Federal Circuit's decision did

28  "not reach the indemnification issue," finding jurisdiction solely based on the controversy between the parties. *Id*. at 1375.

1  patentee] regarding [the supplier's] potential liability before filing the declaratory judgment

2  action," and where the supplier "could not point to any such [indemnity] agreement, promise, or

3  obligation." *Id*. at 898.

4          Notably, even where an indemnity obligation exists, a supplier is not free to seek a

5  declaratory judgment in any court of its choice. In *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d

6  899 (Fed. Cir. 2014), the Federal Circuit held that Microsoft "cannot seek a declaration from a

7  New York court on behalf of customers they must indemnify where a suit against these very same

8  customers on all the same issues was already underway in a Texas court." *Id*. at 904 (citing

9  *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013)). The court

10 rightly reasoned that, "[b]y agreeing to indemnify any one of their customers, Microsoft could

11 defend its customers and efficiently and effectively participate in the Texas action." *Microsoft*

12 *Corp.*, 755 F.3d at 904. Further, the court found it "incorrect" to assume that a supplier has an

13 automatic "right to bring [a] declaratory judgment action solely because their customers have

14 been sued for direct infringement." *Id*. Rather, where there is no allegation that the supplier is

15 liable for direct infringement, the supplier is required to point to "allegations by the patentee or

16 other record evidence that establish at least a reasonable potential that such a claim could be

17 brought." *Id*. at 904–05.

18         Here, Finisar has failed to sufficiently allege an actual controversy, and has wholly failed

19 to establish jurisdiction in this Court. First, under *Arris*, Finisar is required to show its indemnity

20 obligations or a controversy between it and Capella for induced or contributory infringement.

21 Finisar's allegation of its indemnity obligations to its customers is comprised of a single vague

22 and conclusory sentence with no factual support: "Finisar has indemnification obligations to the

23 Texas Defendants relating to Capella's claims in the Texas Actions." (Compl., at ¶ 7.) Finisar

24 fails to allege whether its purported obligations arise from express written contracts with its

25 customers, are implied from such written contracts or arise from equitable circumstances. Finisar

26 also fails to allege or provide the Court with the terms of any such contracts, including the forum

27

28

Manatt, Phelps &
Phillips, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                - 13 -         Defendant's Motion to Dismiss or, in the
                                                         Alternative, for a More Definite Statement

selection clauses governing the resolution of indemnity disputes.[8] And unlike the *Arris* customers, there is no allegation that the Texas Defendants have demanded Finisar indemnify them. *See also Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11–CV–02288–LHK, 2011 WL 4915847, at *5 (N.D. Cal. Oct. 17, 2011) ("The other courts to address the issue have put little faith in mere allegations of indemnity obligations.") (collecting cases).

Further distinguishing this case from *Arris*, where substantial pre-filing communication occurred between the parties, including accusations of infringement, Finisar *admits* that Capella never raised an accusation against it: "Capella did not name Finisar as a defendant in the Texas Actions . . . ." (*Id.* at ¶ 6.) Finisar has not alleged and cannot allege that Capella has ever accused Finisar's DWP, EWP, SLP, and Dual WSS products of infringement. Finisar has copies of Capella's Infringement Contentions in the Texas Actions but no Finisar products are identified in any contention. (*See* Lahav Decl., at Exhs. 1 and 2.) The sole products identified in Capella's Infringement Contentions are custom products of Fujitsu and Infinera – they are not Finisar-branded products resold by its customers.

The only controversy that exists is manufactured by Finisar's interpretation of Capella's accusations against the Texas Defendants, which, as explained below in Section V.C., are inadequately alleged. Indeed, highlighting the lack of controversy, Finisar fails to allege that it made or sold its products within the United States, a necessary element of any infringement claim Capella could potentially have against Finisar.

Second, even if an actual controversy exists (which it does not), Finisar fails to show how jurisdiction arises in this Court. Finisar admits that the Capella lawsuits against its customers are on-going in the Eastern District of Texas. (Compl., at ¶ 5.) Indeed, those cases had been litigated for nearly eight months when the Complaint was filed, with significant claim construction discovery completed. (*See Capella Photonics, Inc. v. Infinera Corp., et al.*, 2:20-CV-0077-JRG (E.D. Tex. Mar. 17, 2020) (Dkt. # 1 -63); *Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*, Case No. 2:20-CV-0076-JRG (E.D. Tex. Mar. 17, 2020) (Dkt. # 1-46).) Finisar provides no

---

[8] For example, if Finisar's agreements call for resolution of indemnity disputes to be resolved in Texas (its customers' home forum), this further supports requiring Finisar to pursue its claims in Texas if at all.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC        - 14 -        Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1   support as to why "this declaratory judgment suit brought by the manufacturer of accused

2   products in the Texas Actions should proceed against Capella in this venue." (Compl., at ¶ 6.)

3   The fact that motions to transfer to this Court are pending in those actions is of no import.

4          Therefore, on this basis alone, the complaint should be dismissed in its entirety for lack of

5   declaratory judgment jurisdiction.

6          **C.     The Case Should Be Dismissed Under the First-to-File Rule.**

7          Separate from the lack of an actual controversy, the first-to-file rule also warrants

8   dismissal. Under the first-to-file rule, a district court may decline to exercise jurisdiction when "a

9   complaint involving the same parties and issues has already been filed in another district.'" *Apple*

10  *Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v.*

11  *Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). This rule "was developed to 'serve[ ]the

12  purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v.*

13  *Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S.*

14  *Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Additionally, the rule helps "prevent[ ] the

15  risk of inconsistent decisions that would arise from multiple litigations of identical claims."

16  *Ruckus Wireless, Inc. v. Harris Corp.*, 11–cv–019440–LHK, 2012 WL 588782 at *2 (N.D. Cal.

17  Feb. 22, 2012); *see also Church of Scientology*, 611 F.2d at 750 ("The doctrine is designed to

18  avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of

19  conflicting judgments."). In patent litigation, "[t]he first-filed action is preferred . . . 'unless

20  considerations of judicial and litigant economy, and the just and effective disposition of disputes,

21  require otherwise.'" *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 986–87 (N.D. Cal.

22  2011) (quoting *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)).

23  Based on the allegations of the Complaint, Finisar concedes that the first-to-file rule applies but

24  for application of the customer-suit exception to the first-to-file rule. (Compl., at ¶ 6.)

25         The customer-suit exception does not apply here. That exception applies "where the first

26  suit is filed against a customer who is simply a reseller of the accused goods, while the second

27  suit is a declaratory action brought by the manufacturer of the accused goods." *Kahn v. Gen.*

28  *Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Under such circumstances, the first-filed

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC        - 15 -        Defendant's Motion to Dismiss or, in the
Alternative, for a More Definite Statement

1    rule gives way to the "manufacturer's presumed greater interest in defending its actions against

2    charges of patent infringement." *Id*. But the Texas Defendants are not mere resellers of Finisar's

3    products—indeed, Finisar admits the Texas Defendants are "***manufacturers*** of [ROADM]

4    products," and those products that compete directly with Capella's prior business. (Compl., at ¶ 5

5    (emphasis added).) And Finisar repeatedly concedes that the Texas Defendants "incorporat[e]"

6    Finisar's products into their own. (*Id*. at ¶¶ 6, 40, 44, 48, 50, 53, 55.) Significantly, *it is the*

7    *products of Infinera and Fujitsu* that are accused of infringement in the Texas Actions. (*See*

8    Lahav Decl., at Exhs. 1 and 2.) As noted above, Capella has never accused Finisar of

9    infringement. (*See* Compl., at ¶ 6.)

10            Moreover, the customer-suit exception is only applicable where resolution of this action

11    "would resolve all charges against the customers in the stayed suit, including liability for

12    damages." *Kahn*, 889 F.2d at 1081; *see also Microchip Tech., Inc. v. United Module Corp.*, Nos.

13    CV–10–04241–LHK, 2011 WL 2669627, at *5 (N.D. Cal. July 7, 2011). Here, Finisar admits that

14    it supplies only <u>some</u> of the Texas Defendants and for those Texas Defendants, only <u>some</u> of their

15    accused products incorporate Finisar's parts, making it impossible for this action to resolve <u>all</u>

16    claims in the Texas Actions. (Compl., at ¶ 5) ("The Texas Defendants include Finisar

17    customers.").) Both Infinera and Fujitsu have other suppliers of WSS parts used in their accused

18    ROADM products. (*Id*. at ¶ 6.) Additionally, although Finisar only sells LCoS-based WSS

19    products, Capella accuses both MEMS-based and LCoS-based products of infringing the patents-

20    in-suit in the Texas Actions. (*See e.g.* Lahav Decl., Exh. 1, at pp. 102-104; Exh. 2, at pp. 75-78)

21    (the '905 Patent is broad enough to encapsulate Finisar's LCoS technology and is not limited to

22    technology utilizing mirror-based MEMS WSS.) In short, Finisar's component WSS products are

23    not themselves the accused product and are incorporated into only a fraction of the accused

24    products sold by the Texas Defendants. As a result, this action cannot fully (or even mostly)

25    resolve the claims Capella asserts in the Texas Actions.

26            Additionally, Finisar does not allege that the Texas Defendants have agreed to be bound

27    by this action. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (finding a

28    stay appropriate under the same principles of the customer-suit exception where retailers

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
San Francisco

Case No. 3:20-cv-07629-EMC                 - 16 -              Defendant's Motion to Dismiss or, in the
                                                               Alternative, for a More Definite Statement

1   stipulated that they would be bound by a judgment rendered in a transferee court); *Kahn*, 889

2   F.2d at 1082 (reversing district court's stay under the customer-suit exception where customers

3   did not agree to be bound by decision against manufacturer); *Refac Int'l, Ltd. v. IBM*, 790 F.2d

4   79, 81 (Fed. Cir. 1986) (staying claims against retailer defendants that had agreed to be bound by

5   injunction against manufacturers).

6       **D.    Counts I and II Should Be Dismissed For Failure To State a Claim.**

7       Courts I and II should be dismissed because Finisar fails to identify the specific Finisar

8   products it alleges do not infringe the asserted patents. Thus, while Finisar's Complaint mentions

9   four "products" allegedly incorporated in the Texas Defendants productions (*i.e.*, "Finisar's

10  DWP, EWP, SLP, and Dual Wavelength Selective Switch ('WSS') products"), it fails to provide

11  sufficient information on those products. *See, e.g.*, *Wistron Corp. v. Phillip M. Adams & Assocs.,*

12  *LLC*, No. C–10–4458 EMC, 2011 WL 1654466, at *12 (N.D. Cal. Apr. 28, 2011) (Chen, J.)

13  ("Plaintiffs' claim for a declaratory judgment of noninfringement which fails to identify any

14  specific products is more problematic. . . . [W]ithout identifying the accused products, there

15  simply is no way to adjudicate an infringement claim. Absent identification of the products

16  accused of infringement, there is no concrete case or controversy or sufficient specificity to

17  satisfy *Twombly* and *Iqbal*."); *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11–0671, 2011 WL

18  3206686, at **6-7 (N.D. Cal. July 27, 2011) ("In an action for declaratory judgment concerning

19  claims for patent non-infringement, the pleading must specify the products or conduct alleged not

20  to infringe;" opinion issued even before abrogation of the less demanding Form 18); *Infineon*

21  *Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239, 2013 WL 12174301, at *1 (N.D.

22  Cal. Feb. 7, 2013). Without identifying the specific configuration and variants of each Finisar

23  product incorporated in the Texas Defendants' products at issue (along with an identification of

24  the date(s) and country of manufacture and sale of each variant) there is no way to adjudicate any

25  claim.

26      Second, Counts I and II of Finisar's Complaint should be dismissed for failure to identify

27  which specific claims of the '905 and '906 Patents are at issue. While Finisar generically seeks

28  clearance for "each and every claim" of those patents (Compl., at ¶¶ 49 and 54), it fails to identify

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
San Francisco

Case No. 3:20-cv-07629-EMC                        - 17 -              Defendant's Motion to Dismiss or, in the
                                                                      Alternative, for a More Definite Statement

1   the specific patent claims actually at issue for each different Finisar product. *See*, *e.g.*, *Core*

2   *Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV 16–00437–AG–JPRx, 2016

3   WL 7496742, at *3 (C.D. Cal. July 8, 2016) (dismissing counterclaim asserting non-infringement

4   given ambiguity as to which products or patent claims were at issue).

5          Third, Finisar fails to sufficiently allege non-infringement, either directly or indirectly.

6   Finisar alleges that its products "do not literally infringe or infringe under the doctrine of

7   equivalents, directly or indirectly" Capella's '905 and '906 Patents. (Compl., at ¶¶ 49 and 54.)

8   However, Finisar fails to provide any factual support for the portion of this broad and conclusory

9   assertion concerning literal infringement – let alone factual support sufficient to satisfy *Twombly*

10  and *Iqbal*. Finisar's two largely identical paragraphs (for each patent) merely identify two

11  purported claim limitations (without identifying the specific patent claims) and summarily declare

12  those limitations absent from its unidentified products. (*Id*. at ¶¶ 41-42 and 45-46). Such evasive,

13  "boilerplate" pleading has repeatedly been held inadequate, as a complaint for declaratory

14  judgment of non-infringement must go beyond such conclusory statements that a product fails to

15  meet the elements of infringement and set forth factual allegations showing <u>how</u> each accused

16  product <u>specifically</u> does not meet the referenced claim limitations. *See*, *e.g.*, *Comcast Cable*

17  *Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 272-75 (N.D. Cal. 2017) (dismissing

18  declaratory judgment claims for non-infringement premised on allegations that exhibited the same

19  format as those in Paragraphs 41-42 and 45-46 of Finisar's Complaint and rejecting the

20  proposition that mere identification of an accused product and recitation of an asserted claim

21  limitation, coupled with a conclusory assertion that the former does not meet the latter, satisfies

22  the *Twombly-Iqbal* standard); *Aster Graphics, Inc. v. Static Control Components, Inc.*, No. SA

23  CV 17-1167-DOC, 2018 WL 2425973, at **5-7 (C.D. Cal. Feb. 12, 2018) (citing *Comcast* and

24  dismissing counterclaims for declaratory judgment of non-infringement that, while identifying the

25  products or patent claims at issue and the claim limitations allegedly not met by those products,

26  lacked factual allegations as to how or why the products did not meet those limitations or how the

27  claim elements should be construed). This is especially true where, as here, the Complaint avoids

28  describing the structure and operation of Finisar's own products. *See*, *e.g.*, *Comcast*, 319 F.R.D.

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
San Francisco

Case No. 3:20-cv-07629-EMC                    - 18 -                    Defendant's Motion to Dismiss or, in the
                                                                        Alternative, for a More Definite Statement

1   at 274-75.

2          Finally, Finisar also fails to provide any factual support for its equally broad and

3   conclusory assertions concerning indirect infringement and direct infringement under the doctrine

4   of equivalents. *See*, *e.g.*, *PageMelding, Inc. v. ESPN, Inc.*, No. C 11–06263, 2012 WL 3877686,

5   at *3 (N.D. Cal. Sept. 6, 2012) (dismissing counterclaim for declaratory judgment of no indirect

6   infringement for failing to provide factual support); *Summers Mfg. Co. v. Tri-County AG*, LLC,

7   300 F. Supp.3d 1025, 1036-37 (S.D. Iowa 2017) (dismissing counterclaims providing only

8   conclusory assertions, including those seeking a declaration of no indirect infringement and no

9   infringement under the doctrine of equivalents)*; Juno Therapeutics, Inc. v. Kite Pharma*, No.: CV

10  17–07639, 2018 WL 1470594, at **4-5 (C.D. Cal. Mar. 8, 2018) (dismissing counterclaim

11  alleging the identified product "does not directly or indirectly, literally or by equivalents, willfully

12  or otherwise, infringe any claim" of the patent as failing to provide the patent owner with any

13  notice as to the basis of the claim). For example, and as detailed above, Finisar's Complaint fails

14  to even recite the bare elements of these theories, let alone provide the required factual support—

15  the Complaint is entirely devoid of allegations concerning purported non-equivalent structures,

16  products, or components having substantial non-infringing uses.

17          **E.      Count III Should Be Dismissed For Failure To State a Claim.**

18          Count III of the Complaint should be dismissed because it is not a cause of action, but

19  merely a limitation on the potential damages at issue for infringement. Whereas Counts I and II

20  seek a declaration as to non-infringement (*see* Compl., at ¶¶ 48 and 53), Count III only seeks a

21  declaration that a certain category of damages—those damages accrued prior to the issuance of

22  the patents-in-suit—are not obtainable by Capella. (*Id*. at ¶¶ 58-59.) This is not a cause of action,

23  and should be dismissed with prejudice. *See EMC Johnson v. United States*, No. C-13-2405, 2013

24  WL 6502818 (N.D. Cal. Dec. 11, 2013) (Chen, J.) (dismissing a count with prejudice because it

25  was "not a cause of action, but a category of damages").

26          Count III is simply an attempt to transform the Cisco Order into an imaginary cause of

27  action. Finisar's forum-shopping and desire to capitalize on the Cisco Order is especially obvious

28  here. Why else would Finisar seek a declaratory judgment from a California court where the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                    - 19 -                    Defendant's Motion to Dismiss or, in the
                                                                        Alternative, for a More Definite Statement

1    lawsuits at issue are pending in Texas? Finisar has no answer. (*See* Compl., at ¶ 6.) To the extent

2    that Finisar simply seeks a declaration as to its rights as it relates to damages to Capella,

3    declaratory relief is unavailing because it would not fully resolve the controversy but only limit

4    the damages available. *Theme Promotions, Inc. v. News Am. Marketing FSI*, 546 F.3d 991, 1010

5    (9th Cir. 2008) (citing *Calderon v. Ashmus*, 523 U.S. 740, 749 (1998)). Even Cisco did not assert

6    a cause of action in its Complaint related to pre-issuance damages (*see Cisco Sys., Inc. v. Capella

7    Photonics, Inc.*, Case No. 20-cv-01858-EMC (N.D. Cal. Mar. 16, 2020) (Dkt. # 1 (Complaint), 26

8    (First Amended Complaint))) and only sought such a remedy through a motion for judgment on

9    the pleadings. (*Id.* at Dkt. # 35.) In short, Finisar has put the cart before the horse, and this

10   "claim" should be dismissed with prejudice.

11            **F.       Capella Alternatively Requests Finisar Provide A More Definite Statement**

12            As detailed above, all of the counts in Finisar's Complaint should be dismissed in their

13   entirety for failure to provide the factual allegations and specificity required by Federal Rule of

14   Civil Procedure 8 (as interpreted by *Twombly*/*Iqbal*). However, if and to the extent the Court

15   disagrees, Finisar should be required, in the alternative, to provide Capella with a more definite

16   statement pursuant to Federal Rule of Civil Procedure 12(e) because the current version of

17   Finisar's Complaint is so vague and ambiguous (especially with respect to the identification of

18   the specific products and patent claims at issue, the structure of those products, and Finisar's

19   bases for alleging non-infringement of those products and patent claims) that Capella cannot

20   prepare a meaningful response. *See*, *e.g.*, *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp.2d

21   1122, 1126-27 (W.D. Wis. 2008) (granting motion for a more definite statement where the

22   plaintiff failed to identify the specific products and patent claims at issue).

23   **VI.     CONCLUSION**

24            For the reasons stated above, Capella's motion should be GRANTED in its entirety, and

25   Finisar's claims for declaratory relief should be dismissed.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                         - 20 -                    Defendant's Motion to Dismiss or, in the
                                                                          Alternative, for a More Definite Statement

1    Dated:  December 24, 2020                    MANATT, PHELPS & PHILLIPS, LLP

2                                                 By: */s/ Robert D. Becker*
                                                      Robert D. Becker
3
                                                  Attorneys for Defendant
4                                                 CAPELLA PHOTONICS, INC.

5
     327120770.6
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC                    - 21 -                Defendant's Motion to Dismiss or, in the
                                                                  Alternative, for a More Definite Statement