Robert D. Becker (CA Bar No. 160648)
rbecker@manatt.com
Christopher L. Wanger (CA Bar No. 164751)
cwanger@manatt.com
Hilary Soloff (CA Bar No. 314727)
HSoloff@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Charles Kertell (CA Bar No. 181214)
CKertell@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 271-2500
Facsimile: (714) 371-2550

Attorneys for Defendant
CAPELLA PHOTONICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>Defendant. | No. 3:20-cv-07629-EMC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OF DEFENDANT'S CO-PENDING LITIGATION**<br><br>Hearing Date: January 14, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5 (17th Floor)<br><br>Hon. Edward M. Chen<br><br>**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED** |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-07629-EMC

Defendant's Opposition to Plaintiff's Motion
for Preliminary Injunction

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 3

    A. The Accused Products in the Texas Actions are ROADM Platforms and Finisar Is Merely One of Several Suppliers of the WSS Component of the Accused Products ............................................................................................................ 3

    B. Capella Has Long Pursued Manufacturers of ROADM Products For Infringement of Capella's Patents, Notably Without Finisar's Intervention .......... 4

    C. Finisar Filed This Declaratory Relief Action Eight Months After Capella Filed New Actions in Texas on Reissued Patents, and Now Seeks an Injunction Against Such New Actions a Week Before the Markman Hearing ................................................................................................................... 5

III. ARGUMENT ......................................................................................................................... 6

    A. The Customer Suit Exception Is Inapplicable and Does Not Support an Injunction Against First-Filed, Advanced-Stage Litigation in Another District .................................................................................................................... 6

    B. Finisar Has Not Demonstrated Any Entitlement to Injunctive Relief Under the Traditional Standard ......................................................................................... 11

IV. CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

Page

## CASES

*ABB Inc. v. Cooper Indus., LLC*,
    635 F.3d 1345 (Fed. Cir. 2011) .................................................................................... 9, 10

*Advanced Micro Devices, Inc. v. S3 Graphics Co.*,
    No. CIV.A. 11-965-LPS, 2011 WL 5402667 (D. Del. Nov. 8, 2011) .................................. 11

*Amazon.com, Inc. v. Corydoras Techs., LLC*,
    No. 1:19-CV-1095-RP, 2020 WL 1644005 (W.D. Tex. Apr. 2, 2020) ................................ 11

*Arris Grp., Inc. v. British Telecommunications PLC*,
    639 F.3d 1368 (Fed. Cir. 2011) .................................................................................... 9, 10

*Bergh v. Washington*,
    535 F.2d 505 (9th Cir.1976) ......................................................................................... 2, 11

*Cadence Design Sys., Inc. v. OEA Int'l, Inc.*,
    No. CV11-0713 SBA, 2011 WL 4403619 (N.D. Cal. Sept. 20, 2011) ................................ 1, 8

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
    No. 3:14-cv-03348-EMC (N.D. Cal. Mar. 6, 2015) ............................................................ 5

*Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*,
    Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 31, 2020) ............................................ 4, 6, 8

*Capella Photonics, Inc. v. Infinera Corp., et al.*,
    2:20-CV-0077-JRG (E.D. Tex. June 9, 2020) ................................................................... 6

*Capella Photonics Inc. v. Infinera Corporation, et al.*,
    Case No. 2:20-CV-0077-JRG (E.D. Tex. July 8, 2020) .................................................. 4, 8

*Finisar Corp. v. Cheetah Omni, LLC*,
    No. 11-cv-15625, 2012 WL 12931574 (E.D. Mich. July 5, 2012) ............................ 9, 10, 12

*Finisar Corp. v. Cheetah Omni, LLC*,
    No. 11-CV-15625, 2012 WL 12931575 (E.D. Mich. Nov. 19, 2012) .................................. 12

*Gen. Elec. Co. v. NeuroGrafix*,
    No. 2:12-CV-04586-MRP-RZ, 2012 WL 13013132 (C.D. Cal. Aug. 16, 2012) ............... 9, 10

*In re Dell Inc.*,
    600 F. App'x 728 (Fed. Cir. 2015) ................................................................................. 11

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014) ........................................................................................ 9

*InfoGation Corp. v. ZTE Corp.*,
    No. 16-CV-01901-H-JLB, 2016 WL 9525235 (S.D. Cal. Dec. 21, 2016) ............................ 8

*Kahn v. GMC*,
    889 F.2d 1078 (Fed. Cir. 1989) .................................................................................... 7, 9

# TABLE OF AUTHORITIES
(continued)

**Page**

*Kaneka Corp. v. Zhejiang Med. Co.*,
    No. CV1102389SJOSHSX, 2016 WL 6208309 (C.D. Cal. July 6, 2016) .......................... 2, 10

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990) ................................................................................. 6, 8, 11

*Microchip Tech., Inc. v. United Module Corp.*,
    No. CV-10-04241-LHK, 2011 WL 2669627 (N.D. Cal. July 7, 2011) ............................. 2, 8

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*,
    No. C-11-1892 EMC, 2012 WL 3277222 (N.D. Cal. Aug. 9, 2012) ................................ 2, 11

*Privasys, Inc. v. Visa Int'l*,
    No. C 07-03257SI, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007) ......................................... 8

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
    No. 5:11-CV-02288-LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) ............................... 9

*Refac Int'l, Ltd. v. IBM*,
    790 F.2d 79 (Fed. Cir. 1986) ................................................................................................. 9

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
    __ F. Supp. 3d __, 2020 WL 5824046 (N.D. Cal. July 21, 2020) .......................................... 7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ......................................................................................................... 5

*U.S. Ethernet Innovations, LLC v. AT&T Mobility, Inc.*,
    No. 10-cv-5254-CW, 2014 U.S. Dist. LEXIS 108684 (N.D. Cal. Aug. 6, 2014) ................... 10

**STATUTES**

35 U.S.C. §251 .............................................................................................................................. 5

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.    INTRODUCTION

By its injunction motion, Plaintiff Finisar Corporation ("Finisar") requests that this Court effectively enjoin another District Court from proceeding with long-pending actions filed by Defendant Capella Photonics, Inc. ("Capella") to which Finisar is not a party. Specifically, Capella sued Infinera Corporation and certain of its subsidiaries ("Infinera") and Fujitsu Network Communications, Inc. ("Fujitsu") in the Eastern District of Texas (the "Texas Actions") in March 2020 for infringement of Capella's patents based on their manufacture and sale of optical transmission network platforms with reconfigurable optical add and drop multiplexers ("ROADMs"). Capella has been pursuing infringement claims against Infinera, Fujitsu, and their ROADM platform products for more than *six years* and filed the Texas Actions more than *eight months* ago. Both Texas Actions are in an advanced stage with trials currently set for *June 2021* and *August 2021*, and a *Markman* hearing set for *January 22, 2021*.

Finisar has belatedly come to this Court to contend that this lawsuit should now take precedence over the Texas Actions in an effort to frustrate Capella's right to a speedy and efficient resolution of its claims. Finisar alleges that because its products may contribute to the infringement by Infinera's and Fujitsu's accused ROADM products, Finisar may owe unidentified indemnity obligations to Infinera and Fujitsu. On this threadbare basis, Finisar contends that the Eastern District of Texas—the home forum of Infinera and Fujitsu—should be enjoined from deciding Capella's much broader claims against Infinera and Fujitsu and instead this Court—Finisar's home forum—should resolve the narrow claims it asserts. Finisar's motion is pure but improper procedural gamesmanship and, if granted, would violate basic principles of comity.

Finisar bases its motion entirely on the "customer-suit" exception to the first-to-file rule. But the customer-suit exception has no application where, as here, "a manufacturer makes but a component of an end product, where the end product is accused of infringement." *Cadence Design Sys., Inc. v. OEA Int'l, Inc.*, No. CV11-0713 SBA, 2011 WL 4403619, at *2 (N.D. Cal. Sept. 20, 2011). Finisar's Complaint admits that the Texas Defendants are "***manufacturers*** of [ROADM] products," and that Capella accuses those ROADM products of infringing the '905

and '906 Patents. (Compl., ¶ 5 (emphasis added); Mot. at 7:7-10.)

Moreover, the customer-suit exception requires that this lawsuit, if it were to proceed, be able to resolve the merits of the Texas Actions. *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *5 (N.D. Cal. July 7, 2011). But, for that to occur, Finisar must be "the only manufacturer of the relevant technology" at issue in the Texas lawsuits. *Id.* It is not. Indeed, Finisar cannot possibly establish, as it must, that this action would dispose of the Texas Actions because Finisar is only one of *several* suppliers that provides *one* type of wavelength selective switch (WSS) incorporated by Infinera and Fujitsu into their infringing ROADM products. Thus, even if this Court were to resolve Finisar's claims that its component WSS parts do not infringe Capella's patents, that finding would resolve neither Capella's broader claims that Infinera's and Fujitsu's ROADM products infringe the patents nor Capella's infringement claims against ROADM products that incorporate other suppliers' WSS parts. Because, at best, Finisar's WSS parts are implicated in only a fraction of Capella's infringement claims in the Texas Actions, the customer-suit exception has no application.

Lastly, in the Ninth Circuit, when "an injunction sought in one proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted *only in the most unusual cases*." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *8 (N.D. Cal. Aug. 9, 2012) (citing *Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir.1976) and adding emphasis). The decision is ultimately discretionary and calls for a consideration of whether the injunction would "cause undue prejudice or present a clear tactical disadvantage to the nonmoving parties." *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV1102389SJOSHSX, 2016 WL 6208309, at *4 (C.D. Cal. July 6, 2016). Finisar wholly ignores the potential prejudice to Capella posed by the drastic relief it seeks. Finisar cannot possibly demonstrate that any circumstances justify its last-minute effort to obtain an injunction against concurrent patent litigations in another district a week before the *Markman* hearing. The Court should deny Finisar's motion.

## II. STATEMENT OF FACTS

### A. The Accused Products in the Texas Actions are ROADM Platforms and Finisar Is Merely One of Several Suppliers of the WSS Component of the Accused Products.

Founded in 2000, Capella is a pioneer of breakthrough optical switching technologies for use in optical transmission networks. Those technologies include optical transport platforms that include ROADMs. As a result of many years of research and development, Capella has also been granted an extensive portfolio of patents.

One component of ROADMs is a Wavelength Selective Switch ("WSS"). A WSS separates light into individual information carrying wavelength channels and includes a "switching array" that operates on each channel to switch them to desired output/drop ports. *See* Becker Decl., ¶ 3, Exh. B. The WSS switching array is able to redirect or steer individual wavelengths of light to desired ports. Some WSS employ arrays of Micro-Electro-Mechanical Systems ("MEMS") mirrors with reflective angles that can be manipulated to steer the beams of light to desired ports. Other WSS employ arrays of reflective Liquid Crystal on Silicon ("LCoS") elements to steer the beams in the same manner. *See id*.

Finisar alleges that its WSS parts use LCoS elements ("LCoS-based WSS"). (*Id*. at ¶ 11.) Finisar also alleges that its WSS parts do not use MEMs mirrors. (*Id*. at ¶ 11.)[1] But the accused ROADM platform products made and sold by Fujitsu and the Infinera defendants include both WSS and LCoS WSS and Finisar's declaratory judgment action will not involve the accused MEMs products. The accused Fujitsu Flashwave 7500, for example, employs a MEMs based WSS that is admittedly not supplied by Finisar:

Advanced Wavelength Selective Switch

The optical core of this Dense Wavelength Division Multiplexing (DWDM) platform is based on an advanced Wavelength Selective Switch (WSS). This delivers the most

---

[1] Finisar further alleges that because its WSS parts employ LCoS technology and not mirrors, they cannot infringe Capella's patents. (*Id.* at ¶¶ 42 and 46.) Finisar's allegations are based on a misreading Capella's Infringement Contentions in the Texas Actions. Indeed, the Infringement Contentions, which Finisar included with its injunction motion, make clear that the accused products in the Texas Actions consist of ROADM products that incorporate either MEMS-based WSS or LCoS-based WSS. (*See, e.g.*, Declaration of Etai Lahav ("Lahav Decl.") at Exh. 1, pp. 102-104; Exh. 2, pp. 75-78.).

> flexible wavelength routing and topology available today. The platform enables optical mesh architectures, with which metro and regional carriers are shaping the DWDM transport network of the future. It also integrates optical multiplexer/demultiplexer, variable optical attenuation and a <u>Micro Electrical Mechanical System (MEMS)-based optical switch into a single component</u>. The WSS removes the need for fiber jumpers when adding or dropping wavelengths. Overall, the capabilities of the FLASHWAVE 7500 system allow drastic reductions in both CAPEX and OPEX.

Becker Decl., ¶ 4, Exh. C (emphasis added). Similarly, the accused Coriant 7300 employs a MEMs based WSS that is admittedly not supplied by Finisar. *See* Becker Decl., ¶ 5, Exh. D, at p. 32 (listing MEMs WSS cards).

In addition to the distinction between accused MEMs and LCoS products, there are numerous providers of WSS components other than Finisar, including Lumentum, Molex and Santum, and Finisar's declaratory judgment action will not involve the accused products incorporating WSS from other providers (including both MEMs and LCoS). *See* Becker Decl., ¶ 6, Exh. E. The Infinera defendants, for example, obtain WSS parts from multiple "independent and non-affiliated vendors" and incorporate them into the accused ROADM platform products. *See Capella Photonics Inc. v. Infinera Corporation, et al.*, Case No. 2:20-CV-0077-JRG (E.D. Tex. July 8, 2020) (Dkt. # 39, p. 8). Similarly, Fujitsu has at least three WSS suppliers for its accused products, including Lumentum. *See Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*, Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 31, 2020) (Dkt. 31, p. 6) and (E.D. Tex. Nov. 20, 2020) (Dkt. 52, p. 1.)

> **B. Capella Has Long Pursued Manufacturers of ROADM Products For Infringement of Capella's Patents, Notably Without Finisar's Intervention.**

In 2014, Capella sued several defendants for infringement of two patents, the '368 and '678 patents, in the Southern District of Florida, including several entities that Finisar alleges are customers of its LCoS-based WSS components and/or to whom it owes indemnity obligations. (Compl., at ¶ 14.) These defendants included: (1) Fujitsu Network Communications, Inc. (2) Tellabs, Inc., Tellabs Operations, Inc., and Coriant (USA) Inc. (now consolidated under Infinera); (3) Ciena Corporation; and (4) Cisco Systems, Inc. The 2014 Florida actions were consolidated, and subsequently transferred to this Court, where they were stayed pending the resolution of

numerous petitions for *inter partes* review filed with the U.S. Patent Trial and Appeal Board ("PTAB") by multiple entities, including many of these same defendants. *See Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal. Mar. 6, 2015) (Dkt. # 172).

After the PTAB found all of the asserted claims to be unpatentable in 2016, and after that determination was affirmed by the Federal Circuit in 2018, this Court ultimately dismissed the consolidated actions as moot and without prejudice in 2019. *See Capella Photonics, Inc. v. Cisco Sys. Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal. Sept. 6, 2019) (Dkt. # 226 at p. 6:9-16). At no time during the pendency of any of the Florida or California actions, which extended for almost six years, did Finisar make any attempt to intervene. Nor did any of the petitioners in the PTAB identify Finisar as a real party in interest.

    **C.**    **Finisar Filed This Declaratory Relief Action Eight Months After Capella Filed New Actions in Texas on Reissued Patents, and Now Seeks an Injunction Against Such New Actions a Week Before the *Markman* Hearing.**

Prior to this Court's dismissal of the consolidated 2014 actions, Capella filed applications with the U.S. Patent and Trademark Office ("USPTO") to reissue the '368 and '678 patents. *See* 35 U.S.C. §251. These applications subsequently matured, on March 17, 2020, into U.S. Patent No. RE47,905 and U.S. Patent No. RE47,906. (Compl., at ¶¶ 18, 28.) Like the '368 and '678 patents, the '905 and '906 patents cover ROADM technology used in optical switching networks or platforms. Capella alleges that one or more of the claims of the '905 and '906 patents are substantively identical to their corresponding claim in the '368 and '678 patents.

The same day as the reissuance, Capella filed suit against several of the same 2014 defendants for infringement of the '905 and '906 patents, including Finisar's Texas-based customers. Based on the U.S. Supreme Court's opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017), which significantly narrowed venue in patent infringement cases, Capella was required to file these new actions in the home forum of the defendants, namely: (1) the first Texas Action against Finisar customer, Fujitsu Network Communications, Inc., in the Eastern District of Texas (Case No. 20-cv-00076-JRG); (2) a second Texas Action against Finisar customers, Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. (collectively, "Infinera") in the Eastern

District of Texas (Case No. 20-cv-00077-JRG); and (3) an action against Ciena Corporation in the District of Maryland (Case No. 20-cv-00702-GLR). In the Texas Action against Infinera, Capella accuses at least four Infinera ROADM products or platforms of infringement, including: (1) the 7300 Series platform; (2) the 7100 Series platform; (3) the mTera Universal Transport Platform; and (4) the FlexILS Flexible Grid Line System (collectively, the "Infinera Accused Products"). (*See e.g.* Lahav Decl. at Exh. 1, pp. 102-104.) In the Texas Action against Fujitsu, Capella accuses at least three Fujitsu ROADM products or platforms of infringement, including: (1) the FLASHWAVE 9500 Packet Optical Networking Platform; (2) the FLASHWAVE 7500 optical transport system; and (3) 1Finity (collectively, the "Fujitsu Accused Products"). (*See e.g.* Lahav Decl. at Exh. 2, pp. 75-78.) Both the Infinera Accused Products and the Fujitsu Accused Products in the Texas Actions include ROADMS with mirror-based MEMS WSS and ROADMS with LCoS-based WSS. Capella also was sued by Cisco for a declaratory judgment of non-infringement of the '905 and '906 patents in this Court (Northern District of California Case No. 3:20-cv-01858-EMC).

The Court in the Texas Actions long ago set trial dates for June 2021 and August 2021, respectively, in the Infinera and Fujitsu cases. *See Capella Photonics, Inc. v. Infinera Corp., et al.*, 2:20-CV-0077-JRG (E.D. Tex. June 9, 2020) (Dkt. # 33); *Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*, Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 5, 2020) (Dkt. # 26). The parties in those actions have conducted extensive discovery, including depositions, have completed numerous local patent rule disclosures, and are set for a *Markman* hearing on January 22, 2021. (*Id.* (Dkt. # 46).)

Although all of the above-referenced actions were filed in March 2020, Finisar again made no attempt in the eight months after their filing to intervene in (or stay) those actions.

### III. ARGUMENT

#### A. The Customer Suit Exception Is Inapplicable and Does Not Support an Injunction Against First-Filed, Advanced-Stage Litigation in Another District.

Much of Finisar's motion is dedicated to a recitation of the "well-settled" customer-suit exception to the first-to-file rule, as announced by *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463

(Fed. Cir. 1990) and progeny, which provides that direct suits between a manufacturer and a patentee are favored over indirect lawsuits with that manufacturer's customers. (Mot. at 10-14.) Though heavy on the law, Finisar's motion is curiously light on the facts, supported by only a single-page percipient witness declaration that was ultimately undermined in material respects at deposition as discussed below.

As discussed below, there is no reason—legal, practical, or otherwise—to find the customer-suit exception applicable here, or to enjoin Capella from obtaining relief against the Texas Defendants in long-pending lawsuits that are nearing the end of discovery and are approaching trial. The Court should conclude as much for four independent reasons, each discussed in turn.

*First*, the customer-suit exception is inapplicable on its face because the Texas Defendants actually manufacture the infringing products at issue, and are not mere resellers in the supply chain. The aptly-named exception "applies in patent litigation where the earlier action is an infringement suit against a manufacturer's *customers*, and the later suit is a declaratory judgment action brought by the *manufacturer* of the accused products." *SMIC, Americas v. Innovative Foundry Techs. LLC*, __ F. Supp. 3d __, 2020 WL 5824046, at *4 (N.D. Cal. July 21, 2020) (emphasis added). But where, as here, the earlier infringement lawsuits "involve allegations of manufacturing," the customer-suit exception is inapposite because the infringing defendants are not "simply resellers of the accused goods." *Id.* (citing *Kahn v. GMC*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)).

Here, Finisar admits that the Texas Defendants are "***manufacturers*** of [ROADM] products," and are being sued by Capella in Texas for their corresponding infringement of the '905 and '906 Patents. (Compl., ¶ 5 (emphasis added); Mot. at 7:7-10.) To the extent that the Texas Defendants are Finisar's customers, it is only because they may have manufactured end "products [that] incorporat[e] Finisar's DWP, EWP, and Dual WSS products . . . ." Compl., ¶¶ 40, 44; *see* Becker Decl., ¶ 2, Exh. A, at 20:22-24 (███████████████████████████ ███████████████████████).

Unsurprisingly, the customer-suit exception is inappropriate when, as here, "a

manufacturer makes but a component of an end product, where the end product is accused of infringement." *Cadence Design Sys.*, 2011 WL 4403619, at *2; *see InfoGation Corp. v. ZTE Corp.*, No. 16-CV-01901-H-JLB, 2016 WL 9525235, at *3 (S.D. Cal. Dec. 21, 2016) (exception inapplicable because "Defendants are the manufacturers of the accused products, not merely end users or resellers."), *Privasys, Inc. v. Visa Int'l*, No. C 07-03257SI, 2007 WL 3461761, at *4 (N.D. Cal. Nov. 14, 2007) (rejecting customer-suit exception after finding "Chase and Wells Fargo are not mere customers because they manufacture and issue payWave cards themselves, and are involved in carrying out the infringement of the patented method."). There is no reason why this Court should intervene in separate, ongoing litigation to prevent the issuance of relief against known infringers.

*Second*, the requested injunction would not promote "efficiency and judicial economy"—the "guiding principles" of the customer-suit exception. *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *5 (N.D. Cal. July 7, 2011). The "primary question" in evaluating the exception is "whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Id.* (citing *Katz*, 909 F.2d at 1463). Finisar has failed to establish, and in fact cannot establish that disposition of this case would dispose of Capella's much broader claims against Infinera and Fujitsu in Texas.

For one, Finisar is not "the only manufacturer of the relevant technology" at issue in the Texas lawsuits. *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *5 (N.D. Cal. July 7, 2011). Here, Finisar is involved in only one of two WSS switching technologies (LCoS but not MEMs) and the Texas Defendants source WSS technology from at least three different suppliers, only one of which is Finisar. (*See Capella Photonics Inc. v. Infinera Corporation*, et al., 2:20-CV-0077-JRG (E.D. Tex. July 8, 2020) (Dkt. # 39, p. 8); *Capella Photonics, Inc. v. Fujitsu Commc'ns Network, Inc.*, Case No. 2:20-CV-0076-JRG (E.D. Tex. Aug. 31, 2020) (Dkt. 31, p. 6) and (E.D. Tex. Nov. 20, 2020) (Dkt. 52, p. 1.); and Compl., ¶¶ 6, 40, 44.) ███████████████████████████████████████
███████████████████████████████████████
███████████████████ (Becker Decl., ¶ 2, Exh. A, at 25:5-10.) ███

[REDACTED] (*Id.*, ¶ 2, Exh. A, at 34:14-18.) Even charitably read, this lawsuit could resolve, at most, only a fraction of the claims in the Texas Actions. Because Finisar is "not the only supplier of allegedly infringing technology," resolving its declaratory judgment claims here "would not 'resolve all charges' against" the Texas Defendants, and thus would offer no improved "efficiency or judicial economy." *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11-CV-02288-LHK, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011).

Moreover, Finisar's motion provides no suggestion or evidence that Infinera and Fujitsu have agreed to be bound by this action. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (finding a stay appropriate under the same principles of the customer-suit exception where retailers stipulated that they would be bound by a judgment rendered in a transferee court); *Kahn*, 889 F.2d at 1082 (reversing district court's stay under the customer-suit exception where customers did not agree to be bound by decision against manufacturer); *Refac Int'l, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986) (staying claims against retailer defendants that had agreed to be bound by injunction against manufacturers). At most, Finisar generally claims via a single sentence in a one-page declaration that "Finisar has indemnification obligations to Tellabs, Infinera, Coriant, and Fujitsu with respect to the WSS products that it supplies to those customers," albeit without attaching any indemnification agreements or corresponding demands for indemnity. (Cameron Decl., ¶ 5.) [REDACTED]

[REDACTED][2] (Becker Decl., ¶ 2, Exh. A, at 29:13-31:19.)

---

[2] Assuming evidence exists that Finisar's customers actually made claims for indemnification, there is no "per se rule" supporting application of the customer-suit exception whenever an indemnified customer is sued. *Gen. Elec. Co. v. NeuroGrafix*, No. 2:12-CV-04586-MRP-RZ, 2012 WL 13013132, at *6 (C.D. Cal. Aug. 16, 2012). Some district court cases, like *Cheetah Omni*, 2012 WL 12931574, have implied that such a per se rule exists based upon readings of *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368 (Fed. Cir. 2011) and *ABB Inc.*

Worse still, Finisar has not even established subject matter jurisdiction in this lawsuit. Finisar seeks a declaration that its products do not infringe any claim of two of Capella's U.S. patents, but Capella's patents have territorial limitations and Finisar has not established or even alleged that it has made, used, or sold the products in the United States, has imported the products into the United States, or otherwise done anything that could implicate U.S. patent laws (or a reasonable apprehension of suit). ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ (Becker Decl., ¶ 2, Exh. A, at 9:5-20.) Thus, it is not clear that an injunction would serve any functional purpose whatsoever; it certainly would not dispose of the Texas Actions.

These facts distinguish the present scenario from Finisar's lead cases, including *Finisar Corp. v. Cheetah Omni, LLC*, No. 11-cv-15625, 2012 WL 12931574, at *2 (E.D. Mich. July 5, 2012), where it was undisputed that the technology at issue "carr[ied] Finisar's switch," and *U.S. Ethernet Innovations, LLC v. AT&T Mobility, Inc.*, No. 10-cv-5254-CW, 2014 U.S. Dist. LEXIS 108684 (N.D. Cal. Aug. 6, 2014), where "both sides" agreed that the first-to-file and the subsequent declaratory relief lawsuits raised "identical issues," and the defendant in the first-to-file lawsuit agreed to be "bound by any decisions affecting [the manufacturer]" in the declaratory relief lawsuit.

**Third**, another relevant factor in assessing whether to enjoin parallel patent litigation is whether it would "cause undue prejudice or present a clear tactical disadvantage to the nonmoving parties." *Kaneka Corp.*, 2016 WL 6208309, at *4. As discussed above, the parties to the Texas Actions are six to eight months away from trial, have completed extensive discovery, and, worse, will be exactly a week away from the *Markman* hearing by the time this motion will be heard. If Finisar was truly interested in efficiency and fairness, it would not have waited until eight months after Capella filed the Texas lawsuits to initiate this action.

In this regard, it is important to emphasize that the decision to enjoin concurrent litigation

---

*v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed. Cir. 2011). However, as later opinions clarify, neither *Arris* nor *ABB* actually reached the issue of indemnification. *NeuroGrafix*, 2012 WL 13013132, at *6.

1  is ultimately discretionary, and that often the "'expeditious resolution' of the disputes" is
2  accomplished by permitting patent infringement lawsuits to proceed concurrently. *Advanced
3  Micro Devices, Inc. v. S3 Graphics Co.*, No. CIV.A. 11-965-LPS, 2011 WL 5402667, at *2 (D.
4  Del. Nov. 8, 2011); *see Katz*, 909 F.2d at 1464 ("There is no good reason to unduly delay the
5  resolution of major issues that will not be resolved in the Massachusetts action. We conclude that
6  the Massachusetts district court exceeded its discretionary authority in enjoining the ASP action
7  in New York."), *In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (affirming decision
8  denying transfer where court "had previously held a Markman hearing, considered numerous
9  substantive pretrial motions, held a jury trial, and entertained extensive post-trial motions
10 regarding the '227 patent, and, additionally, was simultaneously considering the separate case
11 against Apple involving the same patent and similar underlying technology."). So, too, here.

12    ***Fourth***, there remain "important, unanswered questions about precisely how the
13 customer-suit exception procedurally modifies the traditional first-filed rule. The dilemma of
14 which court should order the cessation of litigation in the other raises significant issues of comity
15 and procedural fairness." *Amazon.com, Inc. v. Corydoras Techs., LLC*, No. 1:19-CV-1095-RP,
16 2020 WL 1644005, at *4 (W.D. Tex. Apr. 2, 2020). In the Ninth Circuit, when "an injunction
17 sought in one proceeding would interfere with another federal proceeding, considerations of
18 comity require more than the usual measure of restraint, and such injunctions should be granted
19 *only in the most unusual cases*." *Nat'l Union Fire Ins. Co. of Pittsburgh*, 2012 WL 3277222, at
20 *8 (citing *Bergh*, 535 F.2d at 507 and adding emphasis).

21    Here, "this action remains in its infancy with no substantive motions having come before
22 this Court," whereas the Texas lawsuits are "more developed with that court having invested
23 greater of time and resources into the matter than this Court." *Id.*, at *9. Given the relative
24 procedural postures of the cases, basic principles of comity would be offended if this Court were
25 to effectively enjoin the Texas District Court from proceeding with Capella's claims. *Id.*

26    **B.    Finisar Has Not Demonstrated Any Entitlement to Injunctive Relief Under the Traditional Standard.**
27
28    Finisar also claims that it is entitled to an injunction under the "traditional four-part test in

1   determining whether to issue an injunction in a patent case." *Finisar Corp. v. Cheetah Omni, LLC*, No. 11-CV-15625, 2012 WL 12931575, at *2 (E.D. Mich. Nov. 19, 2012). Finisar gives little attention to this standard, and clearly does not intend to carry its burden under it. *See* Mot. at 15 n.1. The Court should summarily reject Finisar's arguments.

With respect to the first factor, Finisar contends that, as in *Cheetah Omni*, it "will suffer irreparable harm absent an injunction . . . because Finisar is now obligated to indemnify its customers in the Texas Actions." (Mot. at 19:16-18.) Similarly, on the second factor, Finisar points to the indemnification obligations, concluding that it lacks adequate remedies at law to compensate for its injuries "because the indemnification obligations could potentially damage Finisar's relationships with its customers." (Mot. at 19:22-23.) Both factors can be dismissed here in light of Finisar's failure to actually evidence any indemnification obligations, or even what customers used its products. *See* Part II.A., *supra*. And with respect to an adequate remedy at law, nowhere does Finisar explain why they failed to intervene in the Texas lawsuits, or why they cannot simply fulfill the terms of their indemnity agreements with their customers.

As for the third and fourth factors—the balancing of hardships and whether the public interest would be served by an injunction—Finisar makes no attempt to grapple with the consequences of this Court interfering with ongoing litigation in Texas, where extensive discovery has already been exchanged, a *Markman* hearing will take place next month, and the trial date is nearing. Finisar says nothing of the time, money, and energy invested by Capella in the Texas Actions, and its entitlement to a speedy and efficient adjudication of its claims. At most, Finisar references a general desire to preserve its "relationships with its customers," but offers no explanation of what changed since Capella first sued those customers more than six years ago. (Mot. at 19:22-23.) Nor has Finisar even established that this lawsuit could possibly resolve the Texas Actions. No matter how you cut it, there is not a single reason supporting the drastic remedy of an injunction here.

///

///

///

## IV. CONCLUSION

For the reasons stated above, the Court should deny Finisar's motion for preliminary injunction.

Dated: December 24, 2020                MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert D. Becker*
    Robert D. Becker

Attorneys for Defendant
CAPELLA PHOTONICS, INC.

327144573.6

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO