Cheryl S. Chang (SBN 237098)
BLANK ROME LLP
Chang@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

David C. Radulescu, Ph.D. (*pro hac vice*)
david@radip.com
Etai Lahav (*pro hac vice*)
etai@radip.com
Jonathan Auerbach (*pro hac vice*)
jonathan@radip.com
RADULESCU LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

*Attorneys for Plaintiff Finisar Corp.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>Defendant. | Case No. 3:20-cv-07629-EMC<br><br>**FINISAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION OF CAPELLA PHOTONICS, INC.'S CO-PENDING CLAIMS AGAINST FINISAR'S CUSTOMERS**<br><br>**Date: January 14, 2021**<br>**Time: 1:30 p.m.**<br>**Courtroom: Courtroom 5 – 17th Floor**<br><br>**Hon. Edward M. Chen** |

1

## <u>TABLE OF CONTENTS</u>

2

Page

3

I.     Introduction ................................................................................................................1

4

II.    Argument.....................................................................................................................2

5

       A.    The accused products and functionality in the Texas Actions are WSSs
6            (made by Finisar and other manufacturers), not ROADMs ................................... 2

7

       B.    Granting an injunction would promote efficiency and judicial economy ............... 5

8

       C.    The requested injunction will not prejudice or create a tactical
             disadvantage to Capella ......................................................................................... 8

9

       D.    Finisar's motion does not implicate issues of comity between this
10           Court and the Eastern District of Texas ............................................................. 11

11

       E.    The traditional injunction standard does not apply in the customer-suit
12           exception context .................................................................................................. 12

III.   Conclusion..................................................................................................................12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Corydoras Techs., LLC*,
  No. 1:19-CV-1095-RP, 2020 WL 1644005 (W.D. Tex. Apr. 2, 2020)..................................11

*Cadence Design Sys., Inc. v. OEA Int'l, Inc.*,
  No. CV11-0713-SBA, 2011 WL 4403619 (N.D. Cal. Sept. 20, 2011)....................................3

*Capella Photonics, Inc. v. Ciena Corp.*,
  No. 4:20-cv-08628-JSW (N.D. Cal.)........................................................................................4

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
  No. 3:14-cv-003348-EMC (N.D. Cal. Dec. 12, 2014) ...........................................................8, 9

*Finisar Corp. v. Cheetah Omni, LLC*,
  No. 11-cv-15625, 2012 WL 12931575 (E.D. Mich. Nov. 12, 2012) ........................5, 6, 7, 12

*GeoTag, Inc. v. Fred's, Inc.*,
  No. 2:13-2030-JPM-tmp, 2013 WL 2181166 (W.D. Tenn. May 20, 2013) ...........................7

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
  No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398 (E.D. Tex. Jan. 24, 2017) ........................8

*In re Google Inc.*,
  588 F. App'x 988 (Fed. Cir. 2014)........................................................................................4, 5

*Infogation Corp v. ZTE Corp.*,
  No. 16-CV-01901-H-JLB, 2016 WL 9525235 (S.D. Cal. Dec. 21, 2016)...............................4

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990) ...............................................................................6, 7, 8, 11

*Microchip Tech., Inc. v. United Module Corp.*,
  No. CV-10-04241-LHK, 2011 WL 2669627 (N.D. Cal. July 7, 2011) ...................................5

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
  No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012)................................................7

*Privasys, Inc. v. Visa Int'l.*,
  No. C 07-03257SI, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007) .........................................4

*Select Retrieval, LLC v. ABT Elecs.*,
  No. 11 C 03752, 2013 WL 6576861 (N.D. Ill. Dec. 13, 2013)................................................7

*Select Retrieval, LLC v. L.L. Bean, Inc.*,
  No. 12 C 0003, 2013 WL 1099754 (D. Me. Mar. 15, 2013)....................................................8

ii

1

2

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
   No. 20-cv-02256-JSW, 2020 WL 5824046 (N.D. Cal. July 21, 2020) ..................................3

3

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011) ...........................................................................................6

4

**Other Authorities**

5

*Over a Year after the America Invents Act*, available at
   https://www.americanbar.org/groups/intellectual_property_law/publications/land
   slide/2012-13/march_april/joinder-over-year-after-america-invents-act/ ...............................5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

I.    **INTRODUCTION**

Capella's opposition is based on a fundamental mischaracterization of Finisar's motion. Finisar is not, as Capella claims, trying to enjoin "**the Eastern District of Texas** . . . from deciding Capella's much broader claims against Infinera and Fujitsu." Opp. at 1 (emphasis added). Instead, Finisar requests that this Court enjoin **Capella** from prosecuting its claims against products incorporating Finisar wavelength selective switches ("WSSs") in the two separate Texas Actions and instead litigate those claims in this forum in a single action. As Finisar highlighted in its opening brief and to which Capella has no substantive response, Finisar's requested relief is not unprecedented and in fact Finisar obtained a similar injunction against another non-practicing entity with optical switch patents who sought refuge in the Eastern District of Texas rather than facing Finisar head on.

Capella also miscasts its infringement allegations as directed to the ROADMs sold by the Texas Defendants to negate the application of the customer-suit exception, when its infringement contentions are plainly directed to the optical wavelength selective switches provided by Finisar. Although it is true that the bigger "box" sold by Finisar's customers is the *named* accused product in the Texas cases—it is Finisar's WSSs that are alleged to meet the asserted claims. Capella does not rebut the fact that it has identified no other infringing functionality present inside the customer's ROADM "box" *other than* the accused WSSs supplied by Finisar (and other manufacturers). It is therefore undisputed that Finisar's WSSs are the true accused product for purposes of determining whether the exception applies.

Capella finally points to the amount of discovery conducted to date in the Texas Actions as a reason for denying the injunction, citing procedural unfairness and comity, but fails to mention that it has not taken any discovery of Finisar—the designer of the accused products— because it only served subpoenas on Finisar at the beginning of this month (after the present action was filed in this Court). Thus, for all intents and purposes, Capella's case against Finisar's WSSs in the Texas Actions is barely ahead of this action, and its dilatory prosecution should not be used to stop this case.

The Court should exercise its discretion to enjoin Capella from asserting its co-pending

1

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1  claims against Finisar's customers with respect to products incorporating the accused Finisar

2  WSSs in the two Texas Actions and instead allows those claims to proceed here.

3  **II.  ARGUMENT**

4      **A.  The accused products and functionality in the Texas Actions are WSSs (made**

5          **by Finisar and other manufacturers), not ROADMs**

6      Capella argues that the customer-suit exception does not apply because "the Texas

7  Defendants actually manufacture the infringing products at issue, and are not mere resellers in the

8  supply chain."  Opp. at 7.  But in its opposition, Capella strategically ignores its own

9  infringement contentions and mischaracterizes its own patents as being directed to the larger

10  boxes sold by the Texas Defendants, the ROADMs, and not the WSSs at the heart of those boxes.

11  Opp. at 2.[1]  Even a cursory review of the patents and Capella's infringement contentions leaves

12  no doubt that the alleged inventions claimed in the '905 and '906 Patents are focused on an

13  optical switch, a component of the ROADM, and not the ROADM itself.  Indeed, Capella's

14  entire infringement theory against the larger ROADMs incorporating Finisar's WSSs is built

15  around the central fact that it is the WSS that allegedly infringes.  Br. at 7-8.  Capella even admits

16  in its complaints against the Texas Defendants that "[t]he ROADM functionality is delivered

17  using Wavelength Selective Switch (WSS)."  Dkt. No. 1-1, Ex. 1 at ¶ 57; 1-1, Ex. 2 at ¶ 44.  Even

18  more strikingly, Capella has now stated to the court in the *Fujitsu* action, in a filing three days

19  ago, that "[t]he patents-in-suit are **directed to optical switches** used in the telecommunications

20  industry."  Ex. 6 at 5 (emphasis added).[2]  Thus, Capella is telling this Court one thing about its

21  patents and infringement contentions, while saying the opposite thing in the Texas Actions.

22

23  [1] Capella states that Finisar has "misread" its infringement contentions in arguing that its LCOS-
    based WSSs do not infringe the '905 and '906 Patents because Capella's infringement
24  contentions explicitly mention LCOS-based WSSs.  Opp. at 3 n.1.  Capella's argument is
    puzzling, as Finisar does not dispute that Capella included LCOS-based WSSs in its infringement
25  contentions, but that is beside the point.  Finisar's LCOS-based WSSs do not infringe the Patents-
    in-Suit because the Patents-in-Suit are only directed to MEMs-based optical switches, a crucial
26  distinction that Capella purposefully ignores.  Capella's baseless attempt to stretch its patents to
    sweep in LCOS-based WSSs in the sixth year of its litigation campaign is precisely why Finisar
27  has brought its own suit at this time.

28  [2] Exs. 6-7 are attached to the Supplemental Declaration of Etai Lahav in Support of Finisar's
    Motion.

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1    Thus, as between Finisar and its customers, the accused functionality of the ROADMs

2    that contain Finisar's WSSs is manufactured exclusively by Finisar.  Finisar's customers merely

3    place the accused functionality in their ROADMs, without adding any additional functionality

4    relevant to the asserted claims.  *See* Br. at 7-9.  Therefore, Finisar is without a doubt an accused

5    direct infringer of the claims asserted against the ROADMs with Finisar's WSSs.

6    In its opposition, Capella offers no counter to this point, and the best it can do is bizarrely

7    claim that "Finisar admits that the Texas Defendants are 'manufacturers of [ROADM] products."

8    Opp. at 7.  But that is not in dispute and beside the point, which is **what** Capella has accused of

9    meeting the limitations of the claims in the Texas Actions, not **who** Capella has sued.  Capella

10    even concedes, as it must, that Finisar is the "manufacturer of the relevant technology at issue in

11    the Texas lawsuits."  Opp. at 8 (internal quotations omitted).

12    Instead, Capella resorts to a string of irrelevant and misapplied case law.  In *SMIC v.*

13    *Innovative Foundry,* which Capella cites for the proposition that the customer-suit exception

14    cannot apply when a lawsuit involves "allegations of manufacturing," Opp. at 7, the patentee had

15    asserted method of manufacturing claims.  *SMIC, Americas v. Innovative Foundry Techs. LLC*,

16    No. 20-cv-02256-JSW, 2020 WL 5824046, at *1 (N.D. Cal. July 21, 2020).  Here, the only

17    method claims that Capella has asserted are ones that allegedly cover the functionality performed

18    by the "WSS-based switching module"; there are no asserted method claims purportedly covering

19    a method of manufacturing a ROADM.  *See, e.g.* Ex. 1 at 124; Ex. 2 at 105.  Capella's asserted

20    method claims are merely re-worded apparatus claims; indeed, Capella cites back to the

21    apparatus claims as alleged evidence of infringement.  *See, e.g.* Ex. 1 at 260; Ex. 2 at 239.

22    In Capella's next case, *Cadence Design Sys., Inc. v. OEA Int'l, Inc.*, the declaratory

23    judgment plaintiff, Cadence, did not even argue, as Finisar does here, that its customer was a

24    "mere reseller" of the functionality accused of infringement.  *See Cadence Design Sys., Inc. v.*

25    *OEA Int'l, Inc.*, No. CV11-0713-SBA, 2011 WL 4403619, at *4 (N.D. Cal. Sept. 20, 2011).[3]

26

27    [3] That Cadence did not argue its customer was only a "mere reseller" was not surprising, because
     Cadence is a software company that provides integrated circuit design services for customers, and

28    the "product" that Cadence had provided to its customer in that particular case was the design for

3

1  Here, both Infinera and Fujitsu's motions to transfer remain pending and Capella's third action

2  asserting the '905 and '906 Patents, against Ciena Corp., was recently transferred to this district.

3  *See* Dkt. No. 28-8, (Ex. 5); *Capella Photonics, Inc. v. Ciena Corp.*, No. 4:20-cv-08628-JSW

4  (N.D. Cal.).[4]

5      Finally, in *Privasys, Inc. v. Visa Int'l*, the court found the customer-suit exception

6  inapplicable not because the customer defendants allegedly manufactured the accused products

7  (as Capella erroneously claims in its characterization of the *Privasys* case), but because the

8  customers were defendants in the same suit as the manufacturer.  No. C 07-03257SI, 2007 WL

9  3461761, at *3-4 (N.D. Cal. Nov. 14, 2007).[5]

10      To the extent that Capella is asking the Court to adopt a standard that holds that the

11  customer-suit exception cannot apply if the customer adds even one feature unrelated to the

12  claimed invention to the accused product, that is not the law.  This was the factual scenario at

13  issue in the Federal Circuit's in *In re Google* opinion, which was cited by Finisar in its opening

14  brief but ignored by Capella, where the customers were mobile phone manufacturers who were

15  accused of infringing patents because of their use of the Android operating system (provided by

16  Google) and sought a stay in view of the declaratory judgment action brought by Google in this

17  district.  Br. at 12.  The Federal Circuit found that a stay was appropriate even though the mobile

18

19  _____

20  an integrated circuit; it had not actually manufactured the circuit and then sold it to its customer. Ex. 7 at ¶ 34.  This is stark contrast to the current dispute, where Finisar actually manufactures

21  the product accused of infringement in the Texas Actions.

22  [4] Capella also cites a non-binding case from the Southern District of California, *Infogation Corp v. ZTE Corp*, in which the court denied a motion to stay under the customer-suit exception

23  because it found that the actual products accused of meeting the asserted claim limitations (directed to mapping software) were the mobile phones themselves, and not the mapping

24  software provided by Google on the phones. No. 16-CV-01901-H-JLB, 2016 WL 9525235, *1, 3 (S.D. Cal. Dec. 21, 2016).  It additionally found that unlike the allegations here, "Google [did]

25  not provide the hardware components necessary to meet all of the limitations" of the claims.  *Id.* at *3.

26  [5] Additionally, the *Privasys* case was filed prior to the America Invents Act ("AIA"), which changed joinder law with respect to patent infringement actions such that if the plaintiff had filed

27  that suit today, it would not have been allowed to add the customer defendants to its suit against the manufacturer.  As discussed in Finisar's opening brief, by suing Finisar's customers for

28  infringement based on Finisar's WSSs and other suppliers' WSSs, Capella is attempting an improper end-around of the current joinder law.  Br. at 17.

4

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

phone manufacturers allegedly modified the Android operating system. *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014). Here, there is no allegation by Capella that the Texas Defendants modify the Finisar WSSs in any way relevant to the alleged infringement or provide additional functionality that is accused of infringement.

Tellingly, Capella completely ignores the *Finisar v. Cheetah Omni* case in which the court rejected the exact same argument that Capella is making here and found that Finisar was "the manufacturer of the primary device accused of infringing" the accused patents. *See Finisar Corp. v. Cheetah Omni, LLC*, No. 11-cv-15625, 2012 WL 12931575, at *5 (E.D. Mich. Nov. 12, 2012). Capella cannot hide its explicit infringement allegations against Finisar's WSSs inside the ROADM, and the Court should reject Capella's attempt to run away from its own infringement contentions.

### B.    Granting an injunction would promote efficiency and judicial economy

Capella misconstrues and misapplies the law in arguing that because the disposition of this action will not resolve **all** of Capella's claims in the Texas Actions, Finisar's request for an injunction should be denied. To do so, it must rely on a pre-AIA case, *Microchip Tech., Inc. v. United Module Corp.*, where a patentee sued multiple accused infringers in a single action in the Eastern District of Texas, which is no longer permitted under joinder law. No. CV-10-04241-LHK, 2011 WL 2669627, at *2, *5 (N.D. Cal. July 7, 2011) ("Besides the DJ Plaintiffs, the Texas case also includes some two-dozen other Defendants, including Intel Corp., IBM Corp., and Apple, Inc. . . . . [C]omplete relief is more difficult in this case, at least at this time, because numerous defendants in the Texas Case are not before this Court.").[6] Thus, the court in *Microchip* rejected the application of the customer-suit exception based on a factual circumstance

---

[6] As discussed above, the AIA changed the law regarding joinder of unrelated defendants, in order to prevent non-practicing entities like Capella from suing multiple, unrelated parties in a single action. *See Joinder: Over a Year after the America Invents Act*, available at https://www.americanbar.org/groups/intellectual_property_law/publications/landslide/2012-13/march_april/joinder-over-year-after-america-invents-act/ ("One of the purported goals of the AIA was to address the growth in multidefendant patent suits filed by nonpracticing entity (NPE) plaintiffs. As of enactment of the AIA, lawsuits by plaintiffs may no longer join multiple unrelated defendants to an action solely on the basis that they have each allegedly infringed the patent-in-suit.").

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1   that is no longer possible under the joinder law today.

2           Putting aside *Microchip Tech.*, as Finisar argued in its opening brief, Federal Circuit law

3   does not require that a manufacturer's suit actually have the potential to resolve **all** issues in the

4   customer suit.  Br. at 11-12.  In fact, in *Katz*, the Federal Circuit explicitly found that although

5   there were other issues pending in the customer suit that would not be resolved by the

6   manufacturer's declaratory judgment action, the customer suit should still be stayed.  *See Katz v.*

7   *Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990); s*ee also Spread Spectrum Screening*

8   *LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("[W]e clarified that the

9   manufacturer's case need only have the potential to resolve the 'major issues' concerning the

10  claims against the customer.").  Thus, Finisar's request that the Court enjoin Capella from

11  litigating claims that are directed to products containing Finisar WSSs, so that those claims can

12  be dealt with in one action, rather than two, is proper both under *Katz* and *Spread Spectrum*.

13          These are the same facts that the court in *Finisar Corp. v. Cheetah Omni* addressed,

14  despite Capella's unsupported assertion that it was "undisputed that the technology at issue

15  'carr[ied] Finisar's switch."[7]  Opp. at 10.  In fact, Cheetah Omni brought actions against many of

16  the same parties that Capella has now sued, and alleged that the WSSs inside the customers'

17  ROADMs supplied by different manufacturers using disparate technology infringed Cheetah

18  Omni's patents.  *See Finisar*, 2012 WL 12931575, at *1, 6.  Despite that, the court granted

19  Finisar's request for an injunction and enjoined *only* the portion of the customers' action relating

20  to products containing Finisar's WSSs.  *Id.* at *6 (relying on *Spread Spectrum* in finding that

21  Finisar's declaratory judgment action "will resolve all of the claims involving [Finisar's]

22  customers, to the extent that those claims are based on [Finisar's] allegedly infringing

23  products.").  This allowed Finisar to litigate its claims to resolution in the Eastern District of

24  Michigan, while Cheetah Omni's claims against Finisar's customers for products using WSSs

25

26  [7] That Finisar does not know which specific ROADMs or other systems sold by the Texas
27  Defendants use Finisar's WSSs is irrelevant.   That information is in the possession of the Texas
    Defendants, and should the Court grant Finisar's injunction, it will enjoin Capella from
    prosecuting the claims in the Texas Actions where Capella presumably has already received such
28  discovery.

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

from other manufacturers continued in the Eastern District of Texas.  Furthermore, that the current Texas Actions additionally involve claims against other unrelated technology is irrelevant, as district courts routinely apply the customer suit doctrine in cases involving technology from more than one supplier.[8]  Contrary to Capella's mischaracterization that Finisar is seeking to enjoin the entirety of the Texas Actions, Opp. at 1,[9] Capella's other claims against the Texas Defendants will continue onward.  And unlike in the Finisar-Cheetah Omni dispute, here this Court will still hear Cisco's declaratory judgment claims against Capella no matter what happens with respect to the current action.  Thus, the requested injunction will result in the efficient disposition of Finisar's dispute with Capella in one action, not two, and will lighten the burden of the court in the Eastern District of Texas by simplifying the issues there.  *Finisar*, 2012 WL 12931575, *6 ("[The requested injunction] will lighten the heavy load imposed on the Judge in the Eastern District of Texas.").

Additionally, as Finisar addressed in its opening brief and which Capella again ignores, this Court has already determined that Capella is barred from obtaining pre-issuance damages with respect to the '905 and '906 Patents.  Br. at 17-18.  There is no reason why that decision would not apply to the current action and that will simplify the issues in this case and avoid inconsistent judgments applying to Finisar's products, now that the Texas Defendants have filed similar motions in the Texas Actions.

Lastly, that Finisar did not state in its opening brief that any of the Texas Defendants have agreed to be bound by a decision on the merits in this action is not dispositive of Finisar's

---

[8] *See Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088-RGA, 2012 WL 2803695, at *4 (D. Del. July 10, 2012) (staying claims against LivePerson, Inc.'s customers even where the customers allegedly also used "other, non-LivePerson technology for their infringing systems"); *Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, at *4 (N.D. Ill. Dec. 13, 2013) (staying claims against Adobe's customers even where Adobe allegedly was "not the sole supplier of the allegedly infringing technology for the entire period of the alleged infringement"); *GeoTag, Inc. v. Fred's, Inc.*, No. 2:13-2030-JPM-tmp, 2013 WL 2181166, at *5 (W.D. Tenn. May 20, 2013) (staying suit against customer of Google's mapping service even where the customer used a different service for a certain time period).

[9] Capella's mischaracterizations even stretch to the title of its brief, where it has renamed Finisar's Motion for Preliminary Injunction of Capella Photonics, Inc's Co-Pending **Claims against Finisar's Customers** to Finisar's Motion for Preliminary Injunction of Defendant's Co-Pending **Litigation**.

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1    request.  In *Katz*, the customer defendants did **not** agree to be bound by the infringement decision

2    made by the court in the manufacturer suit, but the Federal Circuit correctly found that it was

3    within the district court's discretion to enjoin the patentee's prosecution of the customer suit.

4    *Katz*, 909 F.2d at 1464.  In any event, such an agreement is also unnecessary because Finisar has

5    indemnification obligations to the Texas Defendants.  *See Select Retrieval, LLC v. L.L. Bean,*

6    *Inc.*, No. 12 C 0003, 2013 WL 1099754, at *5 (D. Me. Mar. 15, 2013) (finding manufacturer's

7    agreement to indemnify "obviates" need for customers to agree "to be bound by" the

8    manufacturer's suit); *see also Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc*., No. 2:16-cv-

9    00618-RWS-RSP, 2017 WL 365398, at *5, *8 (E.D. Tex. Jan. 24, 2017).  Moreover, to the extent

10   the Court finds this factor relevant to exercising its discretion, the Court could simply issue the

11   requested injunction conditioned upon agreements by the Texas Defendants to be bound by this

12   action in the respective Texas Actions.[10]

13           **C.    The requested injunction will not prejudice or create a tactical disadvantage**

14                   **to Capella**

15           Capella's recounting of its litigation history is rife with inaccuracies and does not

16   demonstrate that it will be prejudiced by the requested injunction.  First, although Capella is

17   correct that it has litigated the predecessor patents for years without Finisar's intervention, Opp.

18   at 4-5, what it has conveniently omitted is that in those lawsuits, its infringement allegations were

19   directed to MEMS-based WSSs, which Finisar never has manufactured nor sold.  In fact, up until

20   this past summer—6 years into its purported litigation campaign—Capella had **never** formally

21   accused LCOS-based WSSs of infringing either the Patents-in-Suit or the predecessor patents.

22   Additionally, when the defendants in those actions raised the scope of the infringement

23   allegations with Capella, Capella belatedly tried to change its infringement contentions to

---

[10] Capella also argues that because Finisar has allegedly not established subject matter jurisdiction in this action that its motion for a preliminary injunction should be denied.  This is merely an attempt to backdoor Capella's pending motion to dismiss into the Court's determination of this motion, and indeed, Capella merely copied the identical paragraph from its motion to dismiss into its opposition to Finisar's motion.  Dkt. No. 29 at 11:24-12:1.  Notably, Capella provides no support that Finisar was required to plead that it has made, used, or sold its WSSs in the United States to properly plead subject matter jurisdiction and Finisar will oppose Capella's motion to dismiss in due course.

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1   encompass LCOS-based WSSs, even though its original contentions were only directed to

2   MEMS-based WSSs.  *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 3:14-cv-003348-EMC, Dkt.

3   No. 138 at 7-8 (N.D. Cal. Dec. 12, 2014).  However, Capella failed to move to amend its

4   contentions at that point, and the original actions were stayed pending IPR.  After the challenged

5   claims were invalidated by the PTAB, whose decisions were affirmed on appeal by the Federal

6   Circuit in 2018, Capella then tried to amend its infringement contentions in 2019 to add claims

7   that depended from claims that had been invalidated.  *Id.*, Dkt. No. 219, at 2-3 (N.D. Cal. June 4,

8   2019).  Yet, even in those proposed contentions, Capella's infringement allegations with respect

9   to the Texas Defendants were limited to MEMS-based WSSs.  *Id.*, Dkt. No. 205-12 at 25

10  ("According to Fujitsu's Website, the switching module (the WSS Core Switch Unit) in Fujitsu's

11  ROADMs uses micro-electromechanical mirrors ('MEMS' or 'micromirrors') as the switching

12  engine component within the switching module."); 95 ("According to Coriant's Specifications,

13  Coriant's ROADMs use at least a MEMs mirror array in the WSSs of the ROADMs."); 154

14  ("Press releases state that Tellabs's ROADMs use at least a MEMs mirror array in the WSSs of

15  the ROADMs.").  This Court ultimately denied Capella's motion to amend its contentions.  *Id.*,

16  Dkt. No. 219 at 12.

17        Thus, because Finisar only supplies LCOS-based WSSs to Infinera and Fujitsu, there was

18  no reason for Finisar to involve itself in those original (and years-long) disputes.  Additionally,

19  Capella ignores the fact that it is the party that is forum-shopping because it originally filed its

20  original lawsuits in the Southern District of Florida, which it had no connection to, only to have

21  them all transferred to this Court under the more lax pre-*TC Heartland* venue law.  Yet, when the

22  '905 and '906 Patents reissued, Capella ran away to the Eastern District of Texas, a venue that

23  had no familiarity with these patents.[11]

24        Capella's recounting of the current Texas Actions is also inaccurate.  Its complaints

25  against Infinera and Fujitsu nowhere mention that it was accusing LCOS-based WSSs of

26  infringement; rather, all of the infringement allegations are again directed to MEMS-based

[11] It is telling that even though Capella filed its action against Ciena in one of Ciena's home districts, the court there still transferred that action back to this district.  Ex. 5.

9

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1  WSSs.  Dkt. No. 1-1, Ex. 1 at ¶ 61 ("The ROADMS use at least a MEMs mirror array in the

2  WSSs of the ROADMs"); Dkt. 1-1, Ex. 2 at ¶ 48 ("The WSS includes a spatial array of

3  individually and continuously controllable beam-deflecting elements, including MEMs

4  mirrors.").

5         Having now abandoned its prior contention that its patents were solely directed to MEMS

6  technology and not LCOS, Capella suddenly decided for the first time to also accuse LCOS-

7  based WSSs of infringement this past summer when it served its infringement contentions in the

8  Texas Actions, in a belated attempt to wring additional value from its soon-to-be expiring and

9  twice-reissued patents.  Thus, in the proper context, Finisar is not a late comer to this dispute and

10  in fact worked expeditiously to prepare and file this action once Capella affirmatively identified

11  LCOS-based WSSs as the accused products only a few months ago.

12         Although Capella states that the parties in the Texas Actions have "conducted extensive

13  discovery," Opp. at 6, it critically omits that it has not taken *any* discovery of Finisar or the

14  Finisar WSS products, save for its limited deposition of Mr. Cameron two weeks ago in

15  connection with this motion.  Indeed, despite knowing since at least this summer that Finisar

16  supplied the accused WSSs to the Texas Defendants, Capella waited until this month to actually

17  serve third-party discovery on Finisar.  Finisar has only recently served its objections and

18  responses to those subpoenas, and has not yet provided any document discovery nor put up a

19  witness in response to the deposition subpoena.  Thus, Capella's argument that discovery is too

20  advanced in the Texas Actions to warrant an injunction falls flat because Capella has inexplicably

21  delayed seeking third-party discovery from Finisar.  In any event, it is irrelevant for purposes of

22  this motion that Capella allegedly has invested "time, money, and energy" in the Texas Actions,

23  Opp. at 12, because as discussed above, those actions will continue were the Court to grant

24  Finisar's injunction, just with a narrower scope.  Similarly, it is irrelevant to the disposition of

25  this motion that there will be a *Markman* hearing in January in the Texas Actions because this

26  Court will also hold a *Markman* hearing regarding the Patents-in-Suit in the Cisco/Capella action,

27  to which this case been designated as related, in April.  Additionally, as Finisar's motion only

28  requests an injunction prohibiting Capella from litigating its claims against Finisar's customers

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1  with respect to products incorporating **Finisar** WSSs, whether those products are included among

2  the other accused WSSs in the Texas Actions has no bearing on the *Markman* hearing in those

3  actions.

4          **D.**        **Finisar's motion does not implicate issues of comity between this Court and**

5                  **the Eastern District of Texas**

6          Capella casts Finisar's motion as an attack on principles of "comity and procedural

7  fairness," but it is nothing of the sort.  This Court is currently hearing two of the five actions

8  relating to the '905 and '906 Patents, with a third action involving these patents transferred to this

9  district a few weeks ago.  Thus, the majority of cases involving these patents are in this district,

10  and the Texas Defendants have motions to transfer their actions to this district that have been

11  pending for months.  Notably, in the *Amazon.com* case cited by Capella, the Western District of

12  Texas judge denied Amazon's motion for an injunction of co-pending claims that the patentee

13  had brought against Amazon's customers in the Eastern District of Texas after the Eastern

14  District of Texas judge had already denied Amazon's customers' motion to stay under the

15  customer-suit exception.  *Amazon.com, Inc. v. Corydoras Techs., LLC*, No. 1:19-CV-1095-RP,

16  2020 WL 1644005, at *4 (W.D. Tex. Apr. 2, 2020).  Thus, even though the court there "would

17  have found that the customer-suit exception applies to this dyad of cases," it declined to issue the

18  requested injunction based on the "overarching interest in comity" in respecting the Eastern

19  District of Texas judge's prior decision on the same issue.  *Id.*  That interest is not present here,

20  where the Texas Defendants' pending motion is based on a different ground entirely, as they seek

21  to transfer the actions to this district under 28 U.S.C. § 1404(a).[12]  Those motions were filed prior

22  to Finisar filing this action, and thus the customer-suit exception is not implicated by the

23  

24  [12] Capella cites 9th Circuit law that where "an injunction sought in one proceeding would
interfere with another federal proceeding, considerations of comity require more than the usual
measure of restraint, and such injunctions should be granted only in the most unusual cases" to

25  argue that "basic principles of comity would be offended if this Court were to effectively enjoin
the Texas District Court from proceeding with Capella's claim." Opp. at 11.  But as discussed

26  earlier, Finisar is not requesting that the Texas District Court be enjoined in totality; rather,
Capella would be enjoined from proceeding with a narrow subset of its claims.  In any event,

27  Finisar's requested injunction demonstrates "more than the usual measure of restraint" in only
enjoining the claims relevant to Finisar's products.  Moreover, *Katz* provides the framework for

28  determining when such an injunction is proper, which it is in this instance.

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION

1    motions' disposition.  And there can be no procedural unfairness where Capella has blithely

2    failed to diligently pursue third-party discovery from Finisar.

3         **E.    The traditional injunction standard does not apply in the customer-suit**

4              **exception context**

5         Capella does not suggest to this Court that the traditional four-factor preliminary

6    injunction standard is the appropriate test for the requested injunction.  Opp. at 11-12.  Finisar

7    agrees, for the reasons stated in its opening brief.  Br. at 10, 18.  Nevertheless, out of an

8    abundance of caution, Finisar alternatively argued in its opening brief that it was entitled to an

9    injunction under the traditional four-factor preliminary injunction standard based on the

10   precedent in *Cheetah Omni*.  *Id.* at 18-19.

11   **III.    CONCLUSION**

12        For the foregoing reasons, the Court should enjoin Capella from prosecuting its claims

13   against Finisar's customers with respect to the accused Finisar WSSs.

14
     Dated:  December 31, 2020                    Respectfully Submitted,
15
                                                  */s/David C. Radulescu*
16                                                DAVID C. RADULESCU, Ph.D. (*pro hac vice*)
                                                  david@radip.com
17                                                ETAI LAHAV (*pro hac vice*)
                                                  etai@radip.com
18                                                JONATHAN AUERBACH (*pro hac vice*)
                                                  jonathan@radip.com
19
                                                  **RADULESCU LLP**
20                                                5 Penn Plaza, 19th Floor
                                                  New York, NY 10001
21                                                Telephone: (646) 502-5950
                                                  Facsimile: (646) 502-5959
22

23                                                Cheryl S. Chang (SBN 237098)
                                                  **BLANK ROME LLP**
24                                                Chang@BlankRome.com
                                                  2029 Century Park East, 6th Floor
25                                                Los Angeles, CA 90067
                                                  Telephone: (424) 239-3400
26                                                Facsimile: (424) 239-3434

27
                                                  ***Attorneys for Plaintiff***
28                                                **Finisar Corp.**
                                                  12
     FINISAR CORPORATION'S REPLY I/S/O ITS
     MOTION FOR PRELIMINARY INJUNCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, David Radulescu, hereby declare:

I am over the age of eighteen years and not a party to the within action.  My business address is Radulescu LLP, 5 Penn Plaza, 19th Floor, New York, New York 10001.

On December 31, 2020, I caused the following document, described as:

**FINISAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION OF CAPELLA PHOTONICS, INC.'S CO-PENDING CLAIMS AGAINST FINISAR'S CUSTOMERS**

was served via CM/ECF, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website.

I declare under penalty of perjury that the above is true and correct.

Executed on December 31, 2020, in New York, New York.

/s/ David Radulescu
David Radulescu

---

13

FINISAR CORPORATION'S REPLY I/S/O ITS
MOTION FOR PRELIMINARY INJUNCTION